# Geiger & Co. *v.* Hussey.

*Statutory Action by Material-Man to Enforce Lien.*

1. *Statutory lien of material-man.*—Under the statute giving a lien to mechanics, employees, and material-men (Code, §§ 3440-3461), a lumber merchant, furnishing materials for any building, erection, or improvement on land, has a lien on such building, &c., and on the land on which it is situated, whether such materials are furnished to the mechanic who has contracted to do the work, or directly to the owner or proprietor under a contract made with him personally.

APPEAL from the City Court of Mobile.

Tried before the Hon. O. J. SEMMES.

This action was brought by R. W. Geiger & Co. against James Hussey, and was commenced on the 6th February, 1878. The complaint contained two counts; the first claiming $221.78, "due by account, for work and labor done, and materials furnished for a building for said defendant by the plaintiffs, at his request, to-wit, on the 2d November, 1877 ;" and the second, as amended, being in these words : "Plaintiffs claim of defendant the further sum of $221.78, due by account, and fully set forth in the account hereto annexed and made a part of this complaint ; the said sum being for materials furnished by plaintiffs for the building and erection of a dwelling-house and other improvements on the lot of land hereinafter described ; which materials furnished *was* (?) by virtue of an original contract with, and at the request of said defendant, who is the owner of the said lands hereinaf-

[Geiger & Co. v. Hussey.]

ter described; that the items of this claim are fully set forth and correctly stated, in the account hereto annexed; that all of said materials were used in the erection of the house, and making the other improvements on said land, which was' furnished by said plaintiffs at the request of said defendant. Said lot of land is situated in the city of Mobile, and described as follows," &c. "Plaintiffs further aver, that said account was made out by *him*, and verified by *his* oath, and duly filed with the judge of probate of said county, within six months from the furnishing of said materials and lumber used in building said house and making said improvements. No part of said claim has been paid. An affidavit was attached to said account, showing when the same was due; and *he* now claims, and moves the court by its judgment to declare, a lien on said land and house, and improvements erected thereon, for the payment of said claim, with the interest thereon; and that the court will order the same to be levied on for the satisfaction thereof, as provided by an act of the General Assembly of Alabama, entitled 'An act to establish and regulate the lien of mechanics and other persons,' approved March 6, 1876; provided said defendant does not pay the same, or it be not satisfied out of other property of defendant."

The account annexed to the complaint, as an exhibit to the second count, specifies the quantities and kind of lumber furnished, with the dates; showing the amount furnished in September, beginning on the 27th day of that month, to cost $15.67; in October, $189.63; and in November, $15.48. The affidavit to the account was made on the 15th January, 1878, before the clerk of the Probate Court, by one of the plaintiffs, and states: "That James Hussey is justly indebted to said R. W. Geiger & Co. in the sum of $220.78, for lumber, planks, boards, shingles and materials, furnished and sold said Hussey to build a house on a lot of land," which is particularly described, and alleged to have been conveyed to said Hussey by Daniel Wheeler on the 6th July, 1877; "that said lumber, planks, boards, shingles, and materials were furnished to said Hussey, from the 27th September, to the 2d November, 1877, and were furnished at the request of said Hussey; and that the said claim for lien on said land and building is filed within four months after said debt accrued, and said lien is claimed by virtue of an act of the General Assembly of Alabama, entitled 'An act to establish and regulate liens of mechanics and other persons,' approved March 6, 1876."

The defendant demurred to the second count, assigning as causes of demurrer—1st, "that said count fails to aver or

show that plaintiffs were original contractors to erect, and did erect said house for defendant, and used the lumber themselves to erect said house;" 2d, "it fails to aver or show that there was any original contractor to build said house, and that there is a balance of the money due such contractor by the defendant;" 3d, "it fails to show sufficient facts to create a lien under the act referred to;" 4th, "because the complaint and attached account show only a simple-contract claim for lumber &c. sold." The court sustained the demurrer; and on issued joined, but on what plea the record does not show, the plaintiffs had a verdict and judgment on the first count of their complaint, for the amount claimed, with interest. "During the trial," as the bill of exceptions states, after the court had sustained the demurrer to the second count, "the plaintiffs offered to prove by F. A. Stoulz, one of said plaintiffs, all the allegations of said second count; and, on such proof being made, moved the court to enter up judgment in favor of plaintiffs, and against said defendant, not only for the amount found to be due by the jury, with the costs of court, but declaring a lien on the property described in the complaint, and directing the execution to be levied on the real property therein described, if no sufficient property of said defendant can be found to satisfy such judgment and costs, unless sooner paid. The defendant objected to this evidence, in so far as it was intended to establish a lien, and the court sustained the objection; to which the plaintiffs excepted. The court refused to admit the evidence offered by the plaintiffs, and refused to enter up judgment as asked by them; holding that, under the allegations of the complaint, they had no lien for the materials furnished, under the act referred to in the complaint; to which rulings and decisions plaintiffs excepted."

The sustaining of the demurrer to the second count, and the refusal to enter up judgment as asked, are now assigned as error.

OVERALL & BESTOR, for appellants.—The statute gives a lien to the material-man, for the price of the materials furnished, whether he deals directly with the owner, or indirectly through another contractor; the only difference being in the extent of his lien, and in the manner of enforcing it. When he deals directly with the owner, his lien is enforced against the owner and the building in a suit between them; but, when he deals through another contractor, he can only intercept the balance that may be due him. The lien law is founded on principles of public policy, and is intended to afford protection and a summary remedy to a meritorious

class of citizens. All material-men are equally within its terms, and equally entitled to its protection. The terms of the statute, and the policy on which it is founded, extend alike to all.

BOYLES, FAITH & CLOUD, *contra.*—The statute is to be taken as a whole, and whoever claims the benefit of it must bring himself clearly within its terms. An analysis and comparison of its several parts shows a clear intention to give a lien to contractors who undertake to erect or repair a house, and to extend the benefit of that lien to the material-men, or other sub-contractors, employed by them, by allowing the latter to intercept and appropriate any balance due. But it never was intended to give a separate and independent lien on the building to every merchant who sold a pound of nails, a lock, or other articles used in its construction. Under such a construction, there might be a dozen or more original contractors, but no sub-contractors ; and it would leave without any field of operation the provisions relating to the enforcement of the material-men's lien, and the distribution of the fund arising from a sale of the land. But, can the plaintiffs appeal from a judgment in their own favor? Ought they not to have taken a nonsuit with a bill of exceptions?

BRICKELL, C. J.—The only question of the case is, whether a lumber merchant, furnishing materials to the owner or proprietor of a vacant city lot, for the erection of buildings thereon, has a lien on the buildings and lot for the debt owing him. This depends on the true construction of chapter 6, title 2, part 3, of the Code of 1876, which is devoted to the "liens of mechanics, employees, and material-men, for any building, erection, or improvement upon land, or for repairing the same."

It is first declared; "Every mechanic, or other person, who shall do or perform any work or labor upon, or furnish any material, fixtures, engine, boiler, or machinery, for any building, erection, or improvement upon land, or for repairing the same, under and by virtue of any contract with the owner or proprietor thereof, or his agent, trustee, contractor, or sub-contractor, upon complying with the provisions of this chapter, shall have for his work or labor done, or materials, fixtures, engine, boiler, or machinery furnished, a lien, to the extent, and in the manner by this chapter provided, upon such building, erection, or improvements, and upon the lands belonging to such owner or proprietor, on which the same is situated ; . . . . and upon any balance due by the owner or proprietor to the contractor, to secure the payment

for such work or labor done, or materials, fixtures, engine, boiler, or machinery, furnished as aforesaid," &c.

The next section declares the extent of the lien, as follows: "The entire land, to the extent aforesaid, upon which any such building, erection, or other improvement is situated, including as well that part of the land which is not covered with such building, erection, or other improvement is situated, ·.  .  .  .  shall be subject to all liens created by this chapter in favor of the contractor,  .  .  .  .  and · also in favor of all the employees of such contractor, and persons furnishing materials, to the amount of any unpaid balance due the contractor, by the owner or proprietor."

A succeeding section requires, that an original contractor, claiming the lien, shall, within six months, and every journeyman and day laborer within thirty days, and every other person, seeking to obtain the benefits of the statute, within four months after the indebtedness has accrued, shall file a verified statement with the judge of probate, &c. "If the claim so filed belongs to a laborer, sub-contractor, or material-man, then the lien shall be only to the extent of the unpaid balance in the hands of the owner or proprietor, at and after the notice of the same is given," &c. We have referred to all the provisions of the statutes which have any bearing on the question presented.

We may concede the proposition of the appellee, that whoever claims the benefits of the statute, must bring himself within its provisions—must show affirmatively that he is of the class of persons, and has a claim of the kind the statute intends to secure. The courts can neither extend nor narrow the privileges of the statute. It must be so construed as to embrace all cases (and no others), which are within the legitimate meaning of its terms. It is a just inference from *Welch v. Porter*, at the present term, that a material-man, furnishing materials, is within the provisions of the statute, and has a lien on the lot or buildings. The statute was intended to confer, and seems to us in unqualified terms to confer, a lien on three classes of persons—the mechanic, his employees, and the material-men. If the material-man supplies the materials under a contract, not with the owner or proprietor, but with the mechanic contracting with him, the lien extends only to the balance which may be due from him to, the contractor. When the materials are supplied under a contract directly with the owner or proprietor, there is a lien (the requisitions of the statute being observed), not on the balance due the contractor, but upon the land, buildings, or other improvements, &c. There is no lien, in that case, upon the balance due the contractor,

because there is no debt due from him. But for the debt due from the owner or proprietor, for the materials, fixtures, &c., which have passed into and contributed to the improvement of his land, enhancing its value, equally with the labor of the mechanic or his employees, the statute gives a lien. If the first section of the statute to which we have referred stood alone, this would not be questioned. The expressions in subsequent sections may not be so broad. We must look to the whole statute; and if, from the broader and larger expressions, we can collect the legislative intention, we must give effect to these expressions, notwithstanding other phrases, of less entensive import, in particular clauses. *Bymater v. Bradling*, 7 Barn. & Cressw. 660.

Unlike former statutes (R. C. § 3101-04), which embraced only mechanics and builders, the present statute extends not only to them, but to their employees, and to material-men. The latter class have a lien, not only when contracting with the owner or proprietor, but when furnishing the materials to the contractor, who contracts with him. The latter lien is worked out through the contractor, and extends only to the balances which may be due him from the owner or proprietor, for which the contractor has a lien if the requisitions of the statute have been pursued. When, without the intervention of the mechanic, materials are furnished, not to him, to enable him to do his work, or perform his contract, but to the owner or proprietor, that the building, erection, or improvement may be completed, there is a lien, independent of, and distinct from that of the mechanic.— *Winter v. Caldwell*, 14 How. 434; *Van Pelt v. Hartough*, 31 N. J. Law, 331.

This conclusion compels a reversal of the judgment of the City Court.

Reversed and remanded.