# Childers *v.* The City of Greenville.

*Statutory Action by Material-man to Enforce Lien.*

1.  *Statutory lien of material-man; its extent when materials furnished to the contractor.*—Under the statute giving a lien to mechanics, employees and material-men (Code, §§ 3440–3461), the lien of a material-man for supplies furnished by him under a contract, not with the owner or proprietor, but with the contractor who, under his contract, was to supply the proper materials, exists only when there is a balance due from the owner or proprietor to the contractor, and extends only to such balance.

APPEAL from Butler Circuit Court.

Tried before Hon. JOHN P. HUBBARD.

This action was commenced on the 1st of January, 1881, and was brought by A. F. Childers against J. M. Ford and the City of Greenville, under the statute, to enforce an alleged lien on a certain building in said city, for the construction of which, and for the materials to be used therein, the city had contracted with Ford, for the value of materials which the plaintiff had furnished Ford to be used, and which had been used, in the construction of said building.   The evidence on the trial showed, that at the time plaintiff gave the city the notice of the filing of his claim which is required by section 3457 of the Code, the city did not owe, nor did it afterwards owe, Ford anything under his contract for the construction of said building.   On the written request of said city, the court charged the jury, that if they believed the evidence they must find for it; and to the giving of this charge the plaintiff excepted, and here assigns the same as error.

J. C. RICHARDSON, for appellant.

GAMBLE & BOLLING, *contra.*

BRICKELL, C. J.—The present action is founded on the theory that a lien had attached to the building which was in course of construction for the value of the brick the appellant had sold to Ford, with whom the appellee had contracted for the erection of the building, and who was to supply the proper material.   The lien exists in such case only when there is a balance due from the proprietor to the contractor, and extends only to such balance.—*Geiger v. Hussey,* 63 Ala. 338.   The evidence showing clearly, and being undisputed, that there was

[Weems v. Weems.]

no amount due from the city to Ford, on account of the contract for the construction of the building, the Circuit Court properly instructed the jury to find for the defendant.

Affirmed.