[Willingham v. Long.]

considered and overruled by the chancellor, was unnecessary, and would possibly have been regarded as disrespectful. *Harbin v. Bell*, 54 Ala. 389.

The form in which the exceptions were taken and noted in this case, is somewhat open to criticism. They appear to have been taken before the register, and only noted by him in his report. They are, however, very distinctly and specifically taken and noted. A correct practice requires they should have been prepared by counsel, signed by him, and filed in the Chancery Court, as a separate paper in the cause. This was not done by either party, so far as the record discloses the action of the court on this account. The chancellor passed on the exceptions, sustained some, and overruled others; and no objection was taken to their informal presentation, either by the court or counsel. Had the objection been taken then, the informality could, and doubtless would have been healed. The point not being raised in the court below, we will not consider it here. It should be noted, this case is governed by Rules 88 and 89 of Chancery Practice, as found in the Revised Code, and not by the later Rule 93, in the Code of 1876.

The bill in this case, as amended, prayed the removal of the administration into the Chancery Court, and the complainants —appellants here—can not be heard to complain that their prayer was granted. It was a proper case for chancery jurisdiction, and no steps having been taken in the Probate Court, looking to a settlement, the legatees under the will could have the settlement removed into the Chancery Court, without assigning any special reason therefor.

Reversed on the single point stated above, and here rendered, correcting the register's report, so as to show the excess of disbursements by the administrator, over receipts by him, was $122.85, and confirming the report as thus corrected. The Chancery Court will proceed to enforce the decree as thus amended, to close the settlement of Clark's administration, and make all necessary orders to that end.

# Willingham *v.* Long.

*Action by Material-Men to enforce Statutory Lien on House.*

1. *Statutory lien of material-man.*—A person who furnishes lumber and materials to be used in the construction of a house, and which are so used, has a statutory lien on the house, and on the lot on which it is.

situated (Code, §§ 3440–61), whether his contract was made directly with the owner, or with the mechanic who undertook to do the work.

APPEAL from the Circuit Court of Russell.

Tried before the Hon. JAMES E. COBB.

This action was brought by W. A. Willingham, against James W. Long, to recover the sum of $205.83, the price of lumber and materials furnished by plaintiff to defendant, to be used in the construction of a house, and also to enforce a statutory lien on the house (and the lot on which it was situated, which was particularly described in the complaint); and was commenced on the 18th September, 1879. The complaint alleged, and the proof showed, that the lumber and materials were furnished by the plaintiff, under a verbal contract made personally with the defendant, between the 7th December, 1878, and the 16th February, 1879, to be used in the construction of a house by the defendant, and were so used; that on the 11th June, 1879, "within four months after the said indebtedness accrued," plaintiff filed in the office of the probate judge a just and true account of his said demand, with a description of the house and lot, verified by affidavit, as required by the statute. The plaintiff himself testified, as a witness in his own behalf, to the terms of his contract with the defendant, the furnishing of the lumber and materials as specified in the account, and the price or value; and he proved by one George W. Cooper, who did the work on the house, that the lumber and materials were used in its construction. As to these matters, and as to the due registration of the claim, there was no controversy. "It was admitted, that the defendant's said house and lot were correctly described in the complaint, and in the claim filed in the Probate Court; that plaintiff's account was correct, and that the articles therein mentioned were used in the construction of the defendant's said house. This being all the evidence, the court charged the jury, that if they believed, from the evidence, that the materials so furnished by plaintiff to defendant were furnished under and by virtue of a contract made between them, then plaintiff had no lien, and no right to a lien, upon the defendant's said house, or house and lot." This charge, to which the plaintiff excepted, is now assigned as error.

HOOPERS & WADDELL, for appellant.

STONE, J.—On the authority of *Welch v. Porter* (63 Ala. 225), and *Geiger v. Hussey* (*Ib.* 338), the judgment in this cause must be reversed.—See, also, Phil. Mech. Lien, §§ 12, 112.

Reversed and remanded.