# Trammell *v.* Hudmon.

*Statutory Action by Material-Man to enforce Lien.*

1. *Declarations against interest, by third persons.*—Declarations affecting the rights of third persons, although against interest, are regarded as mere hearsay, and are inadmissible, except when the declarant is since deceased; and then they are admitted only on the principle, that they constitute the best evidence of which the nature of the case admits.

2. *Material-man's lien; against whom enforced.*—When the credit for materials for building a house is extended to the owner, he becoming the original debtor therefor, the lien of the material-man can be enforced for the entire debt (Code, §§ 3440-44); but, where the materials are sold to the contractor, on his credit, and he uses them in constructing the building, the material-man, by complying with the requirements of the statute, can enforce his lien only to the extent of any unpaid balance in the hands of the owner, which he may owe the contractor or builder.

3. *Complaint; joinder of counts against owner and contractor.*—It is not a misjoinder of counts to unite both the contractor and owner in the complaint of a material-man to enforce his lien. The whole proceeding is in the nature of a bill in equity for the enforcement of a lien on land, and all persons interested in the matter in controversy, or in the property sought to be subjected to the lien, are authorized to be made parties. The question is unaffected by the fact that the lien is worked out by a species of subrogation in one case, and by personal liability in the other.

4. *Liability of owner and contractor to material-man; promise to pay debt of another.*—If the materials were furnished on the credit of the contractor, or under contract with him, his liability is not affected by the subsequent promise of the owner to withhold money enough to pay for them, nor by partial payments made by the owner; and a direct promise on his part to pay the debt, not founded on a new consideration, would be void under the statute of frauds.

APPEAL from the Circuit Court of Lee.

Tried before the Hon. HENRY D. CLAYTON.

This action was brought by R. J. Trammell, against G. N. Hudmon, the owner of a lot in the town of Opelika, and C. M. Worthington, a contractor who had built a house on the lot under a contract with Hudmon. The complaint contained several counts, each claiming a lien on the house and lot for materials furnished for its erection. Some of these counts set up a contract directly with Hudmon, and seek to enforce the lien for the whole amount due; and others assert a contract made with Worthington, a delivery of the materials under it, a notification to Hudmon, before payment to Worthington, and seek to subject an alleged balance in the hands of Hudmon, and to declare a lien on the house to that amount. Hudmon

[Trammell v. Hudmon.]

set up in defense that he had made no contract with Trammell; that under his contract with Worthington, all the materials were to be furnished by Worthington; and that before any notice of plaintiff's claim, he had paid all that was due to Worthington. There was much evidence on these issues, which need not be set out *in extenso*. For the purpose of proving that he had paid all due to Worthington, Hudmon introduced a witness, one Hobson, who testified that, in November, or December, 1880, he heard Hudmon demand of Worthington that he finish the house under his contract; to which Worthington replied, that he had no money to finish it with, but that if Hudmon would lend him the money, he would give him a waive-note, and complete the house at once; that Hudmon declined to do this, and then asked Worthington if he did not agree to build the house, and furnish all the materials, for two thousand dollars, and if he had not paid him that amount in full; to both of which questions Worthington answered yes. The plaintiff objected to this evidence, and moved the court to exclude the same, on the ground that it was illegal and irrelevant. The court overruled the objection, and refused to exclude the testimony, and plaintiff excepted. There were numerous charges to which exceptions were reserved, but in the view which this court took of the case it is not necessary to set them out.

The rulings of the court on the evidence, and in the matter of charges given and refused, are now assigned as error.

J. M. CHILTON, for appellant.

WM. H. BARNES, *contra*.

SOMERVILLE, J.—The conversation between the defendants, Worthington and Hudmon, as proved by the witness Hobson, was not, in our opinion, admissible as evidence against the plaintiff, it being as to him *res inter alios acta*, or mere hearsay. The question at issue was the indebtedness *vel non* of Hudmon to Worthington; the effort of the plaintiff, in one aspect of the place, being to subject any balance in the hands of Hudmon due Worthington, at or after the time of giving the notice and filing his claim in the Probate Court, as prescribed by statute. The declaration made by Worthington —that Hudmon had paid him all he owed, and that nothing remained due—although competent as an admission against the defendant, was not binding on a third person whose rights might be affected by it. Such declarations, although made against interest, are regarded as mere hearsay, except when it is shown that the declarant is since deceased, and then they are

[Trammell v. Hudmon.]

admitted only on the principle, that they constitute the best evidence of which the nature of the case will admit.—*Humes v. O'Bryan*, 74 Ala. 64; 1 Green. Ev. (14th Ed.), § 147. For the error of the court in admitting this evidence, the judgment must be reversed.

The principles necessary to be stated for the guidance of the Circuit Court upon another trial are few and familiar. The case, under the pleadings and proof, may be viewed in two aspects. In the first aspect, the plaintiff claims that his contract to furnish materials for the construction of the defendant Hudmon's house was, in effect, a contract directly with him, by which the credit was given to Hudmon himself, and that the debt was therefore one for which Hudmon was personally liable. In the second aspect, it is claimed that the credit was given to Worthington, and that Hudmon owed Worthington a balance on the building contract, and that this unpaid balance could be subjected—or, rather, that the house and lot of Hudmon could be subjected to the payment of plaintiff's claim to the extent of this balance.

The law is well settled by our decisions, that under the state of facts just mentioned—where the credit for materials furnished is extended to the owner or proprietor, he becoming the original debtor therefor—the lien of the plaintiff can be enforced for the entire debt. But, in the second case—where the materials are sold to the contractor, on his credit, and he uses them in constructing the building—the plaintiff, by complying with the requirements of the statute, can enforce his lien only to the extent of any unpaid balance in the hands of the owner or proprietor, which he may owe to the contractor or builder.—*Willingham v. Long*, 70 Ala. 587; *Geiger v. Hussey*, 63 Ala. 338; *Welch v. Porter & Co.*, *Ib.* 235; Code, 1876, §§ 3440, 3444.

We do not think that there is any misjoinder of counts in the complaint, occasioned by uniting these two phases of the case. The whole proceeding is in the nature of a bill in equity for the enforcement of a lien on land, all persons interested in the matter in controversy, or in the property sought to be subjected to the lien, being authorized to be made parties.—Code, § 3447. The lien authorized to be enforced in each case is the plaintiff's claim for materials furnished for the construction of the building. The main difference is, that in the one case it is for the whole claim, and, in the other, it is limited by the amount of the unpaid balance due to the builder by the proprietor of the premises. The question is unaffected by the fact that the lien is worked out by a species of subrogation in the one case, and by personal liability in the other.

[Phillips v. Adams.]

If the debt was due by Worthington, and not by Hudmon, it was immaterial that the latter had promised, for his protection, to withhold enough money to pay all claims for materials furnished, and did in fact make one or more payments on the plaintiff's claim. Nor would any liability be fastened on Hudmon by the mere expectation of the plaintiff that he would pay the plaintiff's debt. And even if Hudmon promised to pay the debt after it had become the debt of Worthington, his promise to do so, unless supported by a new consideration, would not be binding on him, because it was a promise to answer for the debt of another, and, as such, would be void under the operation of the statute of frauds, this defense being properly presented.—*Thornton v. Guice*, 73 Ala. 321; *Foster v. Napier*, 74 Ala. 393.

We make no application of these principles to the charges, many of which are unintelligible by reasons of manifest mutilations in copying. Others are 'not insisted on in argument as erroneous, and the phase of their bearing on the case will probably be changed upon another trial.

Reversed and remanded.