# Lee *v.* King.

*Application for Mandamus to Circuit Clerk.*

1. *Statutory lien of contractor or material-man; unused materials.*—The statutory lien given to contractors and material-men, for work done and materials furnished in the erection of a house or other improvements on land (Sess. Acts 1890-91, p. 578), does not extend to the unused materials left on the premises after the completion of the building or improvement.

APPEAL from the Circuit Court of Butler.
Tried before the Hon. JOHN R. TYSON.

J. C. RICHARDSON, for appellant.

C. E. HAMILTON, and L. M. LANE, *contra.*

STONE, C. J.—This was an application to the Circuit Court of Butler county, for a *mandamus,* or mandatory order, to the clerk of that court, commanding him to issue an *alias venditioni exponas* on a certain judgment therein described, of which the petitioner, R. A. Lee, represents himself as transferree and owner. The judgment was recovered by mechanics and material-men, for work and labor done and materials furnished in the erection of a hotel building on a

[Lee v. King.]

certain described lot in the city of Greenville. The purpose and effect of the suit and judgment were the ascertainment and adjudication of the amount due plaintiffs, and the decision and declaration of a statutory lien in their favor for its enforcement, under the act approved February 12, 1891— Sess. Acts, 578. Judgment was by default, the suit not being defended.

The pleadings in that case are not before us, but the judgment itself, reciting the verdict of the jury on which it was rendered, is made part of the petition. The jury's finding was as follows: "We, the jury, assess the amount of plaintiffs' damages at $8,025.00, and find that the Greenville Hotel and Improvement Company was and is, as alleged in said complaint, the owner of the land and hotel building described therein, and as such owner contracted with the plaintiffs for the erection of the said hotel building on the lot, as alleged therein; and that said plaintiffs, under such contract, have done work and labor, and furnished material for and used on said building and its erection, under said contract with the defendant; and that the amount thereof now due and unpaid and owing by the defendant to the plaintiffs is the sum of $8,025.00; and further find that the plaintiffs filed their lien, and gave notice according to law, and as alleged in said complaint, and that the plaintiffs have a lien on said hotel building and the lands described in said complaint for the sum of $8,025.00."

The judgment of the court pronounced on this verdict declared a lien on the hotel, and on the lot on which it was erected, for the payment of said judgment for $8,025, and for the costs of the suit. We have no means of knowing, but suppose the verdict covers and includes all the property embraced in the complaint; particularly so, as the judgment was by default, and no defense being made.

In the petition before us it is conceded that the hotel and the lot it stands on have been sold, and the proceeds applied to the payment of the judgment; but it is claimed that a balance is left unpaid. The purpose of the present application is to obtain an *alias venditioni exponas* for the collection of that balance. The averment in the petition under which this relief is sought is in the following language: "The sheriff of Butler county, Alabama, sold said lot and the hotel building situated thereon, but did not sell the material therein or thereabout; that a large amount of material condemned by said judgment remains in and about said hotel building unsold, and that the said judgment remains in part unsatisfied, and in full force and effect." We have

[Lee v. King.]

copied above the entire finding of the jury, as disclosed in the judgment; and the record furnishes no other information on the subject.

In the judgment pronounced on this verdict we find this language: "It is further considered, ordered and adjudged, that the said plaintiffs have a material-man's and mechanic's lien, as contractors of the defendant, upon said hotel and lot and material therein and thereunto belonging, for the said sum of $8,025, and all cost in this behalf expended; and that the said hotel and material therein and thereabout, and the said lot of land hereinbefore described, be, and the same is hereby, condemned to the payment and satisfaction of said [lien?] and the amount hereinabove stated, to-wit, $8,025.00, and all cost in this behalf expended."

The relief prayed in this case was, that the clerk of the Circuit Court be ordered and required "to issue a writ of *venditioni exponas*, commanding the sheriff of Butler county, Alabama, to sell the said material in and about the said hotel building, as ordered by the said judgment." The record contains no fuller or other description of "the material in and about the said hotel building," except that we have copied. The Circuit Court disallowed the motion, and denied relief; and from that order this appeal is prosecuted.

In addition to the lot of land on which the hotel was erected, and the hotel itself, which the judgment of the court ordered sold, the judgment declared a lien on, and condemned to sale "material therein and thereabout;" the connection in which these words were used showing that they referred to material in and about the hotel. It was to obtain a sale of this alleged material, that the *alias venditioni exponas* was moved for in this case. Of what that material consisted, its description, quantity, or value, neither the judgment-entry, nor the motion for *mandamus*, informs us. Neither is its ownership averred, nor is it anywhere stated that it is material which was used, or intended to be used, in the erection of the hotel. We hold that the Circuit Court rightly disallowed the mandatory order, for the following reasons: *First*, it is not shown in the judgment-entry, nor in the petition for the mandatory order, that the *material* referred to had any connection whatever with the erection of the hotel, or was intended to be used therein. *Second*, it is not shown that either in filing the claim in the office of the judge of probate, or in the suit or complaint in which judgment was recovered, declaring the lien, said *material in* or *about* the hotel was mentioned, or any claim to it as-

Vol. xcix.

serted, The verdict of the jury shows either that no such claim was set up, or, if set up, it was disallowed by them. *Third*, the act of February 12, 1891—Sess. Acts, 578—gives no lien on materials not used or employed in the building, &c.; and the lien, when given, attaches only to the building, article, or improvement into which it becomes incorporated, and not to the unincorporated, or unused material. *Fourth*, it is neither shown nor averred of what the alleged *material* consisted, nor is any description given, whereby the sheriff would be informed what he was commanded to seize. *Fifth*, it is not averred who was the owner of the said material. It may have been unused material, supplied by the contractors. If so, we can perceive no obstacle to their possessing themselves of it as their own. If it was the unused material of the Greenville Hotel & Improvement Company, petitioner fails to show he had any lien upon it; and it is not perceived there was any obstacle to its seizure under execution against the corporation or company.

We have not considered whether *mandamus* would be the appropriate remedy, if appellant had shown a right to relief. We decide nothing on that question. In any view of the case, appellant can take nothing by his appeal.

Affirmed.