# May & Thomas Hardware Co. v. Mc-Connell.

| 102 | 577 |
| 116 | 254 |

*Suit to enforce Material-man's Lien.*

| 102 | 577 |
| 136 | 536 |

1. *Owner not subject to personal judgment, when materials furnished contractor.*—When a contract for the erection of a building stipulates that the contractor is to furnish all the labor and materials for the building, and the proof shows that the owner had no knowledge of the purchase of materials for the building by the contractor, and that the contractor did not purchase them as the owner's agent, a personal judgment can not be obtained against the owner at the suit of the material-man, from whom such materials were purchased.

2. *Material-man's lien on building; debt due from contractor must first be ascertained* —Before a material-man, who furnished a contractor with material for the erection of a building, is entitled to a judgment condemning the building to the satisfaction of his lien thereon for such material, the debt due from the contractor for materials furnished must be first ascertained and adjudged.

3. *Material-man's lien; burden of proof upon material-man to show that materials were used in building.*—Where, in a contract for the erection of a building, a contractor stipulates to furnish the materials, and the owner of the property is not notified of the purchase of the materials, to effectuate his lien the burden of proof is upon the material-man to show, with reasonable satisfaction, that the materials furnished by him were used in the building; and if the evidence is insufficient to show that the materials furnished were thus used, the material-man is not entitled to the enforcement of his lien upon said building.

4. *Same; not enforceable for hammers, chisels, &c., furnished to the contractor.*—Where some of the items of an account of a material-man against a contractor, for the satisfaction of which debt the material-man seeks the enforcement of a lien upon the house of the proprietor, are hammers, shovels, chisels, mallets, &c., furnished the con-

37

tractor, such items are proper charges against the contractor, but, not being of a character for which the statute provides a lien, are not proper charges against the owner of the property, for which a lien upon the building can be enforced at the suit of the material-man.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This was an action brought by the May & Thomas Hardware Company against H. L. McConnell and Stoner & Company ; and sought to fasten a material-man's lien on the house and lot owned by the defendant, H. L. Mc-Connell.

Stoner & Co. and McConnell entered into a contract, by which Stoner & Co. agreed to build for McConnell a house for a stipulated amount. The facts in reference to this contract are sufficiently stated in the opinion. Stoner & Company purchased from May & Thomas Hardware Company certain materials, which, May & Thomas Hardware Co. allege in their complaint, were used in the construction of the house for McConnell. The only proof in reference to this fact contained in the bill of exceptions is stated in the opinion, as are also such other facts necessary to an understanding of the decision in this case.

The cause was tried without the intervention of a jury, and the judge, upon hearing all the evidence, rendered judgment for the defendant. This judgment is here assigned as error.

WADE & VAUGHAN, for appellant.—It is not encumbent on the plaintiff to allege or prove that the materials were actually used in the buildings or improvements.—15 Amer. & Eng. Encyc. of Law, p. 187; *Chicago Art. Well Co. v. Corey*, 60 Ill. 73 ; *Singerly v. Doerr*, 62 Pa. St. 9; *Odd Fellows Hall v. Masser*, 24 Pa. St. 507 ; *Phillips v. Wright*, 5 Sand. (N. Y.) 342 ; *Holmes v. Richet*, 56 Cal. 307 ; *Perkins v. Pike*, 42 Me. 141 ; *Hill v. Bradon*, 54 Md. 72.

The fact that the owner was not due the contractor the amount of plaintiff's claim was no defense to the present action.—15 Amer. & Eng. Encyc. of Law, 51 ; *Morehouse v. Moulding*, 74 Ill. 322 ; *Othmer v. Clifton*, 69 Iowa 656.

E. J. SMYER, *contra*.—The evidence must disclose that

the material furnished was used in the building or there can be no lien.—*Eufaula Water Works Co. v. Addyston Pipe Co.*, 89 Ala. 552; *Lee v. King*, 99 Ala. 246; *Cook v. Rome Brick Co.*, 98 Ala. 409.

Under the mechanic's lien law in the Code of 1886, the material-man was subrogated to the rights of the contractor, as against the owner, at the time notice was given, if the contractor at that time had no right to enforce a lien as against the owner, the material-man had no right.—*Trammell v. Hudmon*, 78 Ala. 222; *Childress v. Greenville*, 69 Ala. 103; *Gibson v. Lenane*, 94 N. Y. 184, *Cutler v. McCormick*, 48 Iowa 406; *Copeland v. Manton*, 22 Ohio St. 398 ; *Craig v. Smith*, 37 N. J. L. 549 ; *Dorestan v. Kreig*, 66 Wis. 604.

COLEMAN, J.—The suit was commenced in the justice court to recover for materials sold, and to establish a material-man's lien upon a lot and building of which H. L. McConnell was the owner. The case was tried by the court without the intervention of a jury. According to the complaint, the plaintiffs (material-men) sought to recover a personal judgment against Stoner & Co., the contractors, and upon whose orders the materials were sold, and also against McConnell, the owner; and the transcript from the justice's court, shows that such was the character of the judgment rendered, and a lien. declared upon the building. The contract between McConnell, the owner, and Stoner & Co., the contractors, expressly stipulated that the contractors were to furnish all the labor and materials for the building. In such cases, when the proof shows, as it does in this case, that the owner had no knowledge of the purchase of the material by the contractor, and the contractor did not purchase them as the agent of McConnell, although purchased for the building, the owner is not subject to a personal judgment. This would not prevent the attaching of the lien under the statute in a proper case, which could be enforced against the building and lot, or building, as the case may be. The plaintiff was not entitled to a personal judgment against McConnell, as demanded in his complaint, and the court did not err in its ruling. Before a judgment is rendered condemning the building or lot to the satisfaction of the lien, the debt due from the contractor for labor or materials should be first as-

certained and adjudged against him, and then, upon proper proof, the court should proceed to enforce the lien.

Passing from the consideration of this question to another, which was a material issue in the case, does the evidence show that plaintiff was entitled to a material-man's lien upon the building? The facts of this case suggest many difficult questions growing out of the application of the principles of law declared in the mechanic and material-man lien act.—Acts of 1890–91, p. 578. The contract for the building bears date July 21st, 1892. The contractors agree to furnish all the labor and material, to complete the building within sixty days for the agreed amount of $1,790; and if not completed within the time specified, as liquidated damages at the rate of thirty-five dollars per month until completed. The house was not finished until Oct. 29th, 1892. The owner paid out during that time for labor $916, and for material $820, and for additional work to complete the house according to specification $50, total $1,786. Without adding to this amount the stipulated damages agreed to be paid for failing to complete the building within sixty days, there remained due under the contract only four dollars. The evidence shows that for material purchased by contractors for this building not included in the above amount of $820, there remains yet due material-men an amount exceeding $600. If the owner be required to pay this additional amount, which under the statute may be a lien, in order to relieve his property from the lien, instead of paying $1,790 for the building according to the contract, he will be compelled to pay $2,400. There is nothing in the record to show that these unpaid material-men did not or could not have "filed their lien in the office of the Probate Judge within ninety days from the last day on which any material was furnished," and give the ten days notice as provided in the statute, and thereby fix their lien on the property. These unpaid material-men's claims are not involved in this suit, but evidence of their existence was admitted without objection, and they illustrate some of the difficulties which may arise under our statute. We need not anticipate them.—*Geiger v. Hussey*, 63 Ala. 338; *Childers v. Greenville*, 69 Ala. 103.

There is another ground upon which the action of the

trial court may be sustained. The evidence is insufficient to show that the material was used in or upon the building. Bryan was the only witness examined on this point. After testifying in his direct examination that the goods were ordered for the McConnell building, and "to the best of his recollection went into the McConnell job," he also testified that he was not present all the time ; and on cross-examination stated "that he was not at the McConnell building during the first *few* weeks of its construction, and did not know of his own knowledge *what part of the goods of May and Thomas was used in that building.*" This is all the evidence, and it is by no means satisfactory to show that the materials were thus used. We do not declare as a universal proposition that the burden is on the material-man to show that the goods were used in the construction of the particular building ; but where the contractor stipulates to furnish the material, and the owner of the property is not notified of the purchase, the material-man should show with reasonable satisfaction that the goods were used in the building.—*Lee v. King*, 99 Ala. 246 ; *Cook v. Rome Brick Co.*, 98 Ala. 409 ; *Eufaula Water Works v. Pipe Co.*, 89 Ala. 552.

Some of the items of the account which went to make up the total of plaintiff's demand for the satisfaction of which he sought to fix and enforce a lien, were not of that character for which the statute provides a lien. We find in the account, a hammer, shovel, hoe, plane blades, sifters, chisels, mallets, &c. These may be necessary implements for the laborers, but we do not see how a material-man could expect them to become a part of a building. We would rather infer they were proper charges against the contractor and were purchased on his personal credit.

While there is evidence tending to show that the defendant did not in all respects comply with the statute, he did comply substantially with his contract. The plaintiff's evidence fails to show that he was entitled to a personal judgment against the owner, McConnell, and does not satisfactorily show the materials were used in the building.

Affirmed.