(76 South. 324)

GURLEY et al. v. BUSHNELL.   (8 Div. 33.)

(Supreme Court of Alabama.   June 14, 1917.)

1. WILLS ⬥443 — CONSTRUCTION — REPUGNANCY — GENERAL AND SPECIAL INTENTIONS.

In case of apparent repugnancy, testator's general intent, as disclosed in the will, should be preferred to a special intent; a rule not applying where there is a clearly expressed intent to effect another purpose, distinct and different from the general intent.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 960.]

2. WILLS ⬥472—CONSTRUCTION—CONFLICTING CLAUSES.

Where there is an irreconcilable conflict between two clauses of a will, the later will ordinarily prevail, as being the latest expression of testator's intention.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 990, 991.]

3. WILLS ⬥585(1) — CONSTRUCTION — INCONSISTENT CLAUSES.

Testator's will provided that to all his nephews and nieces, all of whom he remembered by name, he gave the sum of one cent each, appointed his brother executor and attorney to "carry out the provisions of this will," empowering him to sell all his property, pay all expenses, and then pay to testator's niece, naming her, $2,000, to pay to another niece, naming her, $500, to pay to testator's housekeeper $500, and to still another niece, naming her, an annuity of $100. Held, that the legacies last mentioned and the annuities were to be paid as specified, despite the opening clause, and mandatory bequest to testator's brother as executor.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1274.]

4. WILLS ⬥672(3)—CONSTRUCTION.

The language giving directions to the brother to manage, dispose of, and distribute property for the benefit of others, and testator's direction for payment of an annuity by his executor for the life of the beneficiary raised a trust for those purposes by necessary implication, and the brother took nothing individually under the will.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1581.]

5. COURTS ⬥487(5)—REMOVAL OF ADMINISTRATION TO CHANCERY COURT.

In suit to remove an estate from the probate to the chancery court, etc., where respondents demurred, without denying the will, its probate, or pendency of the administration in the probate court, or that complainant had not been paid her annuity under the will, demurrer having been overruled, the court did not improvidently make order of removal to the chancery court, though the bill was not framed to meet Acts 1915, p. 738, authorizing summary order of removal.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1030.]

Appeal from Circuit Court, Madison County; R. C. Brickell, Judge.

Bill by Ida T. Bushnell against Frank B. Gurley and others, to remove an estate from the probate to the chancery court, and to require the filing of an inventory, and the execution of a bond, and to impress a trust upon real estate to secure the payment of a legacy left complainant. From a decree overruling demurrers to the bill, and removing the estate, respondents appeal. Affirmed.

Cooper & Cooper, of Huntsville, for appellants. David A. Grayson, of Huntsville, for appellee.

SAYRE, J. The last will and testament of Thomas P. Gurley provided as follows:

"To all of my nieces and nephews, all of whom I remember by name, I give the sum of one cent each, and to my brother, Frank B. Gurley, I give all of my property of every kind, both real and personal, and I now make and appoint him, the said brother Frank, my sole executor, agent and attorney, without bond to carry out the provisions of this will, and I now authorize and empower him at my death to take charge of everything I leave, and at such time and place as he thinks best in twelve months from my death advertise and sell everything I leave to the highest bidder for cash, and pay all my burial expenses and all claims he knows to be just and legal. Then pay to my niece, Mrs. Mollie G. Hall, the sum of two thousand dollars, pay to my niece Mrs. Cornelia A. Bennett, wife of Frank S. Bennett, the sum of five hundred dollars, and to my faithful housekeeper, Ellen Scott, the sum of five hundred dollars, and to my niece, Mrs. Ida T. Bushnell pay the sum of one hundred dollars every year as long as she lives."

Without going into a detailed statement of the facts averred, it will suffice to say that the equity of the bill filed by the appellee against Frank B. Gurley and Mollie G. Hall depends upon the answer to the question whether by the will appellee took any interest in testator's property left by him at his death, or whether the provision for her amounted to no more than a precatory gift, and this involves a construction of the will.

The matter does not seem difficult, nor to require any extended consideration of the technical law of wills. The language employed is not technical, and some simple and well-settled rules would seem to suffice, including this, as of first importance: That the instrument must be construed as a whole.

[1-3] There can be no doubt, upon consideration of its plain language, that the last clause of the will intends to give legacies in fixed amounts to the defendant Mollie G. Hall and to Cornelia A. Bennett, who are named as nieces of testator, and to Ellen

Scott, his housekeeper and to appellee, a niece, an annuity of $100 a year during her life. Language to that effect could not be plainer. How, then, does it appear that this specifically expressed intention has been defeated or modified in any respect? It seems to be supposed that the opening clause of the will, wherein testator says, "To all of my nieces and nephews, all of whom I remember by name, I give the sum of one cent each," should be accepted as having or contributing to that effect. One canon of construction is that in case of apparent repugnancy, the general intent of the testator, as disclosed in the will, shall be preferred to the special intent (Hollingsworth v. Hollingsworth, 65 Ala. 321); but this rule does not apply where there is a clearly expressed intention to effect another purpose, distinct and different from the general intention, and in such case the particular intention will prevail. 40 Cyc. 1393, 1394. And in respect to irreconcilable conflict between two clauses of a will, the later will ordinarily prevail as being the latest expression of the testator's intention. 40 Cyc. 1417. The true purpose and effect of the first clause of the will is simply to demonstrate the fact that testator had in mind all his nieces and nephews, while the remainder of the instrument shows very clearly that his leading—in fact, his only expressed —purpose in regard to the objects of his bounty was that the legacies and the annuity in the specific sums named should be paid to the persons named.

[4] But the will gives to testator's brother, the defendant Frank B. Gurley, all his property of every kind, both real and personal, and empowers him "at such time and place as he thinks best in twelve months from my [testator's] death [to] advertise and sell everything I leave to the highest bidder for cash"; and it is argued that these provisions suffice to vest the fee of testator's entire estate in Frank B. Gurley, and reduce the provision for the legatees and the annuitant named to the category of a mere recommendation to the discretion of the only mandatory beneficiary under the will. But there appears to us no escape from the proposition, and we have already indicated as much, that testator intended above all things—in fact, intended only, so far as his language went— that out of his estate, after his debts and the expenses of his funeral were paid, the legacies and the annuity should be paid. The devise to defendant Gurley, his appointment as sole "executor, agent and attorney," and the vesting in him of a power of sale, were "to carry out the provisions of this will." The only provisions of the will are that burial expenses and just claims should be paid—and these were fixed by law as a charge upon his estate—and "then" the lega-

cies and the annuity. We are distinctly impressed by the language employed that testator intended to give nothing to defendant Gurley, except as a trustee to carry out his specific directions, after which he left any residue of his estate to take the course appointed by law in cases of partial or residuary intestacy. Ordinarily a trust is implied from language giving directions to manage, dispose of, or distribute property for the benefit of others. 40 Cyc. 1749. And the direction for the payment of the annuity in question as long as complainant shall live raises a necessary implication of a trust for that purpose. 40 Cyc. 1753, note. These, then, were the purposes for which testator devised his property to the defendant Frank B. Gurley, and in our judgment he took in trust and not beneficially.

The conclusion stated above disposes of the contention that the will created a limitation over after a fee—a thing, however, not impossible under our statute (Mims v. Davis, 72 South. 344, 197 Ala. 88)—and obviates any necessity to consider the learning of the cases on that subject.

[5] It is suggested that, in any event, the court acted prematurely in making its order for the removal of this cause from the probate court to the circuit court in equity. Evidently the bill was not framed to meet the statute of September 23, 1915 (Acts 1915, p. 738), authorizing a summary order for the removal of the administration of any estate from the probate court to the chancery court, or court of like jurisdiction, upon the filing of a sworn petition stating, among other things, that in the opinion of the petitioner such estate can be better administered in the chancery court or court of like jurisdiction. However, the respondents answered; i. e., they demurred, without denying the will, its probate, the pendency of the administration in the probate court, or that complainant had not been paid her annuity. In these circumstances, we think the order of removal was not improvidently made, the demurrer having been overruled.

It results that the decree must be affirmed. Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.