This is an appeal by defendant First National Bank of Birmingham from an adverse final judgment in a declaratory judgment action brought by plaintiff Marjorie N. Currie as successor-trustee of the testamentary trust of Ralph E. Nicholson. Inter alia, the judgment held: (1) all income of the testamentary trust of Ralph E. Nicholson, deceased, accumulated prior to the death of Marguerite H. Nicholson is the property of the testamentary trust of Ralph E. Nicholson; and (2) Marguerite H. Nicholson received, and distributed to herself during her lifetime, all property bequeathed her by paragraph G of Ralph E. Nicholson's will. We affirm.
 Issues
(1) Did the trial court commit error in holding that approximately $55,000 of trust income accumulated prior to the death of Marguerite H. Nicholson, and undistributed at the time of her death, was the property of the testamentary trust of Ralph E. Nicholson, deceased, and not the property of the estate of Marguerite H. Nicholson, deceased? *Page 284 
(2) Was there credible evidence to support the trial court's finding of fact that the deceased Marguerite H. Nicholson had been distributed all the property bequeathed her by paragraph G of Ralph E. Nicholson's will?
 Facts
Ralph E. Nicholson died in Jefferson County, Alabama, on 21 February 1936. His will was admitted to probate in the Probate Court of Jefferson County on 11 March 1936. In that will, Marguerite H. Nicholson, wife of Ralph Nicholson, was named executrix and trustee of the testamentary trust created by its provisions. She accepted the role of trustee and acted as such until her death on 4 August 1977. First National Bank of Birmingham is the executor of the will of Marguerite Nicholson.
The will of Ralph Nicholson contained the following provisions; the subject of controversy on this appeal:
"PARAGRAPH G:
 "To deliver to herself, one-fourth of all bonds, notes and corporate stocks of which I shall die seized and possessed, which one-fourth of said bonds, notes and stocks I hereby give and bequeath to her, to have and to hold to her forever.
"PARAGRAPH H:
 "Out of the moneys belonging to my estate to make the following payments, to-wit:
 "SECTION ONE: To use in and about the education, support and maintenance of each of my children, whether born before or after my death, until he or she shall become twenty-one years of age, such sums of money as said executrix shall consider reasonably necessary therefor.
 "SECTION TWO: To pay to herself, from time to time, and at least semi-annually, such sums of money as said executrix shall consider reasonably necessary for her support and maintenance. Said payments shall be made to her in addition to the property bequeathed to her in Paragraph G hereof, and not out of the proceeds thereof.
 "SECTION THREE: When all of my children shall have become thirty years of age, or should my wife, Marguerite H. Nicholson, be living at that time, then and in that event, at the death of my wife, all the property belonging to my estate shall be distributed equally among my children who are then living, including any child or children born after my death, share and share alike. The lawful issue of any of my deceased children surviving at the time any distribution is actually made in pursuance of this paragraph shall take per stripes [sic] the share to which the father or mother of such issue would have been entitled if she or he were still living. The share to which any of my children would be entitled if living at the time of any distribution authorized in this paragraph shall, in the event of the death of such child without issue before such distribution is actually made, be distributed among my other children, share and share alike, as hereinabove directed, just as if said child had never been born." (Emphasis added.)
The parties stipulated there was approximately $55,000 income earned by the testamentary trust which accumulated and was not distributed to Marguerite Nicholson. There was no evidence presented concerning the time at which this income was earned; however, the evidence was clear this accumulated income had not been distributed as of the date of Marguerite Nicholson's death. It is not clear from the evidence whether any income from the trust was ever distributed to Marguerite Nicholson; however, the evidence did show she had a substantial separate estate.
After the death of Marguerite Nicholson, Marjorie N. Currie, daughter of Ralph and Marguerite Nicholson, petitioned, as permitted by § 19-3-212, Code 1975, the Jefferson County Circuit Court for appointment as successor-trustee of the testamentary trust of Ralph Nicholson, deceased. She was appointed *Page 285 
and then filed a complaint seeking: instructions, construction of the will, and declaratory relief. She alleged that any income of the trust, which had not in fact been paid to Marguerite Nicholson during her lifetime, was an asset of the trust and subject to distribution to the beneficiaries of the trust pursuant to paragraph H, section 3, of Ralph Nicholson's will. The complaint also requested the court to determine whether the property bequeathed to Marguerite Nicholson under paragraph G of the will had in fact already been distributed to her. See these provisions of the will supra.
First National Bank answered and cross-claimed, alleging the accumulated income under the trust was not subject to distribution to the beneficiaries of the trust and asserting it was entitled to the accumulated income as executor of the will of Marguerite Nicholson. The answer and cross-claim also put at issue the question of whether the securities bequeathed under paragraph G were in fact distributed to Marguerite Nicholson.
An ore tenus hearing was conducted and final judgment entered in favor of Currie, granting each relief for which she prayed.
 Decision
First National Bank contends the trust created by Ralph Nicholson's will was not a discretionary one. It urges this court to hold that paragraph H, section 2, of the will required the mandatory payment of trust "income" to Marguerite Nicholson. The bank reasons that such payments are mandatory because of the language "[t]o pay to herself, from time to time, and at least semi-annually * * *" contained within section 2 of paragraph H. We cannot agree.
Both parties correctly agree that the key to resolution of any issue concerning a trust is the intention of the settlor.Corretti v. First National Bank of Birmingham, 290 Ala. 280,276 So.2d 141 (1973); Edmonson v. First National Bank ofBirmingham, 256 Ala. 449, 55 So.2d 338 (1951); Ingalls v.Ingalls, 256 Ala. 321, 54 So.2d 296 (1951). The controlling rule of law is that a court may only resort to extrinsic evidence to determine the settlor's intent when the language of the trust is ambiguous. Wheeler v. First Alabama Bank ofBirmingham, 364 So.2d 1190 (Ala. 1978).
In this case the settlor's intent can clearly be gleaned from the express language used in paragraph H, section 2, of the will. The amount to be paid to Marguerite Nicholson was clearly limited to "* * * such sums of money as said executrix shallconsider reasonably necessary for her support and maintenance. * *" (Emphasis added.) This language is clear to the effect that Marguerite Nicholson was only to distribute such sums, whether income or principal, as she deemed necessary for her support. This directive is obviously discretionary, not mandatory. The fact such sums were to be paid at least semi-annually does not negate the discretionary nature of the provision.
The fact no distributions were made indicates that Marguerite Nicholson determined she did not need any of the trust corpus or income for her support or maintenance. Because no distributions were made, the income of the trust remained part of the trust to be distributed according to the terms of paragraph H, section 3, of the will. The trial court correctly held this to be the case.
First National Bank further contends the trial court erroneously determined the property bequeathed by paragraph G of the will was distributed to Marguerite Nicholson. The bank argues that the ore tenus rule does not apply because only one witness testified and the rest of the evidence was documentary. We cannot agree.
The trial of this case was conducted before a judge without a jury. The court heard the oral testimony of Marjorie Currie and a substantial amount of documentary evidence was introduced. There were some inconsistencies in the evidence, but there was substantial and credible evidence to support the trial court's finding that the property bequeathed by paragraph G was *Page 286 
distributed to Marguerite Nicholson. It is clear when a trial court sits without a jury and determines questions of fact which are in dispute, whether those facts come into dispute verbally or by the written word, the ore tenus rule of review must be applied and, under this rule, all reasonable presumptions in favor of the trial court's findings must be indulged by the reviewing court. Hartford Accident IndemnityCo., Inc. v. American Country Clubs, Inc., 353 So.2d 1147 (Ala. 1977).
Based upon an examination of the will, the final judgment, the evidence, and the applicable rules of law, the judgment is due to be, and is hereby, affirmed.
AFFIRMED.
BLOODWORTH, MADDOX, FAULKNER and ALMON, JJ., concur.