BRADLEY, Judge.
This is an appeal by the State Department of Revenue (State) from a final decree entered by the Circuit Court of Calhoun County annulling and declaring void the Department’s assessment of sales taxes totalling $984.44 against Kelly Supply Com *651 pany (Kelly) for sales of building materials to a general contractor engaged in making additions and alterations to the Young Men’s Christian Association (YMCA) building in Anniston, Alabama. We affirm.
The State and Kelly entered into a partial stipulation of facts, which was to be considered by the court at the hearing along with any other evidence, including exhibits, that might be offered by the parties. At the hearing, Kelly presented the testimony of three witnesses; the State offered no testimony. The following pertinent facts were revealed: The Anniston YMCA, acting through its president, John E. Kelly, signed a written construction contract with McWhorter and Company, a general construction contractor, by which McWhorter promised to make certain additions and alterations to the YMCA’s recreational facilities in exchange for a total consideration equal to the cost of the work performed by it plus a ten percent fee for overhead and profit. McWhorter subsequently notified its building materials suppliers that, by virtue of § 40-9-9 of the 1975 Code of Alabama, any sales of materials to McWhorter which might be used on the YMCA project would be exempt from assessment for sales taxes and that all invoices which they might submit to McWhorter as evidence of the cost of any materials which they might provide it for use on the project should be made out in the following form:
YMCA
c/o McWhorter and Co., Inc.
P. 0. Box 907
Anniston, Ala. 35201
Kelly Supply Company, owned by John E. Kelly, sold a wide variety of building materials to McWhorter for ultimate use on the YMCA construction project. Kelly introduced into evidence certain invoices reflecting such sales which were completed in accordance with McWhorter’s instructions to its suppliers, but it also offered into evidence invoices which did not comply with these instructions.
McWhorter and Company drew checks on its own account to pay Kelly Supply for the materials it delivered to the YMCA jobsite. However, McWhorter testified that Kelly Supply had been instructed to bill the YMCA for any materials delivered to the jobsite. Once the bill was received, McWhorter and Company would check the invoice and forward it to the architect who would, after reviewing it, send it to the YMCA. The YMCA would then send McWhorter and Company a check to cover the cost to McWhorter of purchasing the materials.
Mr. McWhorter stated that he was instructed by the YMCA building committee to act on its behalf in issuing purchase orders for supplies to the various suppliers of materials for the project, and that in every instance he instructed the suppliers to bill the YMCA.
Mr. John Kelly testified that he was the president of the YMCA and was also a member of its finance committee at the time of the matters involved in the present suit. He stated that as a supplier of materials for the YMCA project he considered the YMCA obligated to pay for the materials which his company delivered to it.
In its decree the trial court found that McWhorter and Company made payments for building materials supplied by appellee for use on the YMCA project to Kelly as an agent of the YMCA and that the YMCA’s credit was obligated for the purchases of these materials. The State argues here that these findings of the trial court are erroneous, and that its judgment should be reversed. We disagree.
Appellant and appellee agree, as we do, that if the trial court was correct in concluding that McWhorter acted as the YMCA’s agent in purchasing building materials from Kelly for use on the construction project for the YMCA, then, by virtue of § 40-9-9 of the 1975 Code of Alabama, Kelly Supply would not owe the State of Alabama nor the City of Anniston any sales taxes on all materials which it sold to McWhorter for use in such project. Since the trial court in this cause heard or received all the evidence in an ore tenus pro *652 ceeding, its findings of fact are binding upon this court if they are supported by any credible evidence and are not palpably wrong or manifestly unjust. Dicon, Inc. v. Great Atlantic & Pacific Tea Co., Ala., 381 So.2d 18 (1980); First National Bank of Birmingham v. Currie, Ala., 380 So.2d 283 (1980); Gertz v. Allen, Ala., 376 So.2d 695 (1979). Although the construction contract initialled by the YMCA and McWhorter and Company did not expressly or impliedly indicate that McWhorter would function as the YMCA’s agent in purchasing building materials from suppliers for use on the YMCA’s construction project, Earlon McWhorter, president of McWhorter and Company, testified without objection on direct examination that both contracting parties had orally agreed that McWhorter, as a member of the YMCA’s construction committee, would initiate all purchase orders for the project on behalf of the committee and have all billings for materials supplied pursuant to such orders made out to it. He advised all potential suppliers of materials for the project to submit their bills for same directly to the YMCA and stated that Kelly Supply, in preparing its bills for building materials which it supplied to McWhorter, followed such advice.
Keeping in mind the principle that “[t]he relationship of agency is created as the result of conduct by the parties manifesting that one of them is willing for the other to act for him subject to his control, and that the other consents so to act,” (emphasis supplied), Knight Iron & Metal Co. v. Ardis, 29 Ala.App. 600, 199 So. 712 (1940), rev’d on other grounds, 240 Ala. 305, 199 So. 716 (1941), we cannot say that the trial court’s evidentiary finding that McWhorter and Company functioned as the YMCA’s agent for purchasing building materials from ap-pellee for use on the YMCA’s construction project was not supported by any credible evidence and was palpably wrong or manifestly unjust. Cf. State v. Ball-Co Contractors, Inc., Ala.Civ.App., 372 So.2d 331 (1979), cert. denied, Ala., 372 So.2d 335 (1979) (parties stipulated that general contractor was not purchasing agent for tax exempt entity). It follows that Kelly Supply Company is not liable to the State of Alabama nor to the City of Anniston for the payment of any sales taxes on any building materials which it sold to McWhorter and Company for ultimate use on the Anniston YMCA construction project.
The judgment of the circuit court is affirmed.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.