STEAGALL, Justice.
Robert William Tucker, Jr., died on December 29, 1989. He left a handwritten will that provided, in pertinent part:
“I desire and hereby designate my oldest daughter, Marilyn Anne Bradford to be the executrix of this will. Since I impose total, complete confidence and trust in her I do not want any bond of any kind to be required of her in the execution of this. She is not to be required to account to anyone other that those that would be legally required of me were I to be conducting my own affairs. Any records or receipts or such will be entirely at her discretion and for her own benefits. I am confident that she will pay any and all outstanding bills incurred by me after assuring that they were legally contracted by me. Any expenses incurred by my death will be paid from insurance benefits as soon as possible.
“All of my possessions, property, money, insurance benefits, collectible receipts, retirements, letters and papers, or things considered to be mine will constitute my ‘estate’ unless legally specified otherwise by law. I very strongly desire that no lawyers be required nor individual in the execution of this document unless specifically desired or required by Marilyn and at her own discretion. What is mine at my death should become the property of those I wish to have it and not those that some legal statute thinks should have it.
“The proceeds or income from the Survivor Benefit Plan payable by the Marine Corps will go to my surviving widow. Social Security benefits entitled to and payable upon my death will also go to the surviving widow. All other benefits of my insurance in force are hereby designated to be payable to my estate.
“I hereby will and bequeath my entire ‘estate’ to Marilyn Anne Bradford, as an individual, to divide and disperse as she sees fit or to be held in trust by her alone for any period of time she wishes. For the purpose of inheritance laws she may designate at my death what portions of my estate will go to others according to agreement between her and myself. This will for legal purposes be the same as if I made the specific designation in this my last will and testament.”
The will was admitted to probate on January 22, 1990. On March 5,1990, Laura A. Tucker, the surviving spouse of Robert William Tucker, Jr., filed a petition to remove the cause from the probate court to the circuit court. The cause was removed to the circuit court, and on February 13, 1991, Laura A. Tucker, as the widow of Robert W. Tucker, Jr.; Dorothy L. Carlisle, as one of the surviving children of Robert W. Tucker, Jr.; and Robert W. Tucker IV, as a surviving minor child of a deceased child of Robert W. Tucker, Jr., and acting by his mother and next friend, Sherry Lee Duplechain, filed a petition to construe the will or, alternatively, for a declaratory judgment. After a nonjury trial, the court rendered an order declaring that the entire estate of Robert W. Tucker, Jr., vested in Marilyn Bradford under the will. That order was made final pursuant to Rule 54(b), A.R.Civ.P. The petitioners appeal.
The petitioners contend that the will does not vest the estate in Bradford, but that Bradford is a conduit through which the estate flows. Specifically, the petitioners contend that the language “I hereby will and bequeath my entire ‘estate’ to Marilyn Anne Bradford, as an individual, to divide and disperse as she sees fit or to be held in trust by her alone for any period of time she wishes,” the reference to an agreement between Bradford and Tucker, and the lan *613 guage “What is mine at my death should become the property of those I wish to have it” show that Bradford was to have administrative responsibility for the estate, but not ownership of the estate. The petitioners also contend that the reference to an agreement between Bradford and Tucker is an ambiguity and that parol evidence should be allowed to clarify the ambiguity.
In support of these contentions, the petitioners cite Gurley v. Bushnell, 200 Ala. 408, 76 So. 324 (1917), and Wolffe v. Loeb, 98 Ala. 426, 13 So. 744 (1893), overruled on other grounds, 108 Ala. 605, 18 So. 604 (1895). In Gurley, the Court held that the language of a will devising all of the testator’s property to his brother, naming the brother as executor, and directing the brother to manage and dispose of the property of the estate and then to pay specific sums to specific beneficiaries, showed that the brother took the property in trust and not beneficially. In Wolffe, the Court stated that the cardinal rule for the construction of wills is to ascertain the intention of the testator, that an heir should not be disinherited without an express devise or implication, and that the implication must be so strong “that an intention to the contrary cannot be supposed.” 98 Ala. at 431, 13 So. at 746.
In the instant case, even though the language of the will names Bradford as executrix and devises the property of the estate to Bradford, the language of the will, unlike the language in Gurley, directs Bradford to dispose of the property of the estate as she sees fit — but it does not direct Bradford to pay specific beneficiaries. We hold that, because there are no provisions for Bradford to disperse the property to specific beneficiaries, Bradford took the property as a beneficiary, that the language of the will expressly devises the property of the estate to Bradford, and that any implication that Tucker did not intend to disinherit the petitioners is insufficient.
The petitioners raise several other issues; however, because of our disposition of the issues we have addressed,' we pretermit discussion of those other issues. The judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and INGRAM, JJ„ concur.
SHORES and ADAMS, JJ., dissent.