This case involves the disposition of the estate of Kate Stokes Born of Winfield, Alabama, and the specific question presented is to what extent Born's will affected the terms of a trust that she had previously executed. We affirm in part, but we reverse, in part, insofar as the trial judge failed to carry out the intent of the testatrix regarding property not included in the trust estate.
Kate Stokes Born (hereinafter referred to as Born) was married to Terry Born and was the mother of 10 children. On June 7, 1991, she executed and delivered a valid trust, conveying to herself, along with her co-trustees (Kathleen Born and Mary Kate Born, two of her daughters, who are the appellants in this action) all of her interest in 12 parcels of real property. This trust, which was revocable, provided that all income generated by the trust be used for her benefit, even to the point of exhausting the principal of the trust, if necessary. The terms of the trust stated that Born reserved the right to amend the terms of the trust by a will if she so desired.
The terms of the trust also stated that at the time of Born's death, three of the parcels in the trust estate were to be distributed to three named children: Born's daughters Mary Kate and Kathleen were to take Parcels 3 and 4, and Born's son Gerald was to be given a life estate in Parcel 8, coupled with a limited power of appointment for disposition to lineal descendants. Born then directed that the balance of the trust property — the nine remaining parcels — be divided into equal parts and distributed to all of her children who survived her, at a time to be selected by the trustees, Mary Kate and Kathleen.
On January 28, 1992, Born executed a document that reads as follows:
 "This is the last will and testament of Kate Wolfington Stokes Born of Winfield, Marion County, Alabama. All earlier wills are nullified.
 "My properties, real and personal, are to go to Mary Kate Born, a daughter, and Kathleen Born, a daughter, to use as they see fit. Possession shall rest in each as a lone woman (sole feme [sic]). They are to be co-executors of my estate and shall serve without bond. The 'big house', i.e. the two story antebellum house is to be theirs (Mary Kate's and Kathleen's house) with its contents.
 "The Pikeville house is for Gerald Dominic Born with its contents, on two and a half acres (more or less) for his lifetime.
 "The 'River House', a one story brick house, is for Julia Ann Born, a daughter, should she care to maintain a residence there during her lifetime.
 "The lot in Guin, Alabama across from the South [T]rust Bank where the River House once stood is for Patricia and William B. Clark, Junior. The 100 acres more or less lying South of Frisco Railroad located in Marion County, Alabama[,] is for Patricia and William B. Clark, Junior. The co-executors know which property this refers to.
 "The indentured trust is to be maintained until the death of Terry Julian Born and the probate of his will. The properties of the trust are to be given to Mary Kate and Kathleen to use as they see fit on the revoking of the trust after the death of Terry Julian Born."
Each parcel of real property devised was in the trust estate. Born died on February 5, 1992, shortly after making this will.
On March 23, 1992, Born's will was probated; the administration of the will was removed to the Circuit Court of Marion County. Her co-executors petitioned the court for a judgment declaring how they were to distribute the estate, on the ground that there was a conflict between the terms of the will and the terms of the trust regarding the disposition of the properties in the trust estate. In response to the petition, Terry Born renounced all claims to the estate of his wife, and asked the court to ignore, and not require enforcement of, the provisions of the will that stated that the trust properties were to be given to Mary Kate and Kathleen and that the trust was to be maintained until Terry Born's death and the probate of his will. Through his response, Terry Born asked that the estate be distributed as soon as possible after the court had determined its proper disposition. *Page 671 
After an nonjury ore tenus hearing on the matter, the trial court held that the trust executed by Born was valid and effective. The trial court then directed the distribution of the property mentioned in the will as follows:
 "1. The 'big house', i.e., the two-story antebellum house and its contents to Mary Kate and Kathleen Born.
 "2. A life estate in the Pikeville house, along with its contents to Gerald Born.
 "3. A life estate in the 'river house,' a one-story brick house, to Julia Born.
 "4. The lot in Guin and the 100 acres more or less lying south of the Frisco Railroad to Patricia and William Clark, Jr.
 "5. The balance of the estate, both real property and personal, to be distributed equally among all the surviving children of Kate Stokes Born, pursuant to the terms of the trust."
Mary Kate Born and Kathleen Born, the plaintiffs, appeal from this ruling. They contend that the trial court erred in its construction of the terms of both the will and the trust. They assert four errors: (1) that the trial court erred by ordering an immediate distribution of the trust, contending that the terms of the trust gave them the power to distribute when they saw fit; (2) that the trial court erred by ordering that the personal property of the estate be distributed to all surviving children according to the terms of the trust, contending it had been left to the two of them under the will "to use as they see fit"; (3) that the trial court erred in failing to award the two of them Parcels 3 and 4, as designated in the trust; and (4) that the trial court erred in failing to award the two of them all of the property in their mother's estate, both real and personal, "to use as they see fit" as stated in the will.
It is well settled in Alabama that the intention of the testatrix is the law of the will, which the court should consider as a whole, giving effect to each provision where it is possible to do so; it is the court's duty to carry out the testatrix's intention where that intent can be ascertained. To determine the intent of a testator or testatrix, the court must look to the four corners of the instrument, and if the language is unambiguous and clearly expresses the testator's or testatrix's intent, then that language must govern. Galin v.Johnson, 457 So.2d 359 (Ala. 1984). Where a will contains ambiguous or doubtful expressions, it is the duty of the court to determine what the testator or testatrix intended. Brittainv. Ingram, 282 Ala. 158, 209 So.2d 653 (1968).
Regarding the appellants' contention that the trial court erred by ordering the immediate distribution of the trust, we find no error. The appellants are estopped from making this argument, because they, along with their father, had petitioned the trial court for an immediate distribution of the estate after the court had made its determinations. A party is estopped from assuming in a legal proceeding a position that is inconsistent with one the party has previously asserted. SeeSelma Foundry Supply Co. v. Peoples Bank Trust Co.,598 So.2d 844 (Ala. 1992).
We agree with the appellants, however, that the trial court erred in determining that Born's personal property should be distributed pursuant to the terms of the trust, i.e., to all 10 surviving children, because the trust instrument dealt only with the parcels of real estate and made no reference to personal property, as the will did. The language of the will clearly and unambiguously indicates that Born intended that the appellants, Mary Kate and Kathleen, should receive her personal property. Accordingly, we reverse that portion of the trial court's judgment related to the distribution of Born's personal property, and we direct that it be distributed to the appellants.
We also hold that the trial court erred in determining that Parcels 3 and 4 in the trust are to be divided equally among all of Born's surviving children, and we reverse that portion of the trial court's judgment. It is evident that the trial court found that the will clearly and unambiguously amended the trust provisions in four instances: it awarded the "big house" to Mary Kate and Kathleen; it changed the terms of Gerald Born's life estate; it gave a life estate in the "river house" to Julia Born; and it gave two specific *Page 672 
pieces of trust property to Patricia and William Clark. However, it is also evident from the language of the trust that Parcels 3 and 4 were to be given specifically to the appellants. Accordingly, to the extent that the disposition of these two parcels was not amended by the above-mentioned four provisions of the will, the appellants are entitled to Parcels 3 and 4, pursuant to the terms of the trust. It is this Court's understanding that the "river house" is located upon one of these parcels; accordingly, the appellants take this parcel subject to the life estate granted therein by the will.
The appellants next contend that the trial court erred in holding that they were not entitled to all of Born's property, both real and personal, citing Tucker v. Bradford,599 So.2d 611 (Ala. 1992), in support of this contention. The testator inTucker wrote a will leaving the majority of his property to his daughter, and this Court affirmed a trial court's determination that this was his clear intention. This Court noted in that case that there was insufficient evidence to support an implication that the testator did not intend to disinherit his other heirs. The appellants here contend that Born clearly intended to leave all of her property to them by the will and that she wished to disinherit her other eight children.
We cannot agree that Tucker controls. The will in the Tucker
case, which was the sole instrument by which the testator passed his property, made no alternative provisions for the disposal of the property left to the testator's daughter. In contrast, Born's will, on its face, contains contradictory and confusing expressions of her intent. Additionally, she altered the terms of the previously executed and valid trust. Certain properties designated as going to specific individuals in the trust are designated as going to others in the will. The intent of the testatrix regarding the disposition of other trust property, which was designated in the trust as divisible among all 10 of the children, is not clear. For example, Born states that she wishes to leave all of her property to the plaintiffs, but then in a later paragraph leaves portions of it to Patricia Clark and her husband William. She then states that all of the properties in the trust are to go to the appellants to "use as they see fit," although earlier in the will she had clearly given life estates in some of the property to other children and had given other trust property outright to the Clarks.
Given the provisions of the trust and the different dispositions in the will, we cannot agree with the appellants that it is clear that the testatrix intended to leave them all of her property. The trial court heard this case sitting without a jury. The court examined the documents and heard testimony as to the intent of the testatrix in regard to the disposition of her estate. After reviewing the briefs of the parties, the will, the trust document, and the testimony in the record, we cannot say that the trial judge's factual determinations are clearly wrong. When a trial court, sitting without a jury, hears ore tenus evidence and determines disputed questions of fact, whether those questions come into dispute orally or by the written word, we must apply the ore tenus rule of review, and, under this rule, we must indulge all reasonable presumptions in favor of the trial court's findings.First National Bank of Birmingham v. Currie, 380 So.2d 283, 286
(Ala. 1980). Therefore, as to this issue, we affirm the judgment of the trial court.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
SHORES, HOUSTON, KENNEDY, and COOK, JJ., concur.