178 So.2d 94

Howard L. HOWELL et al.

v.

HALLETT MANUFACTURING CO., Inc.

1 Div. 286.

Supreme Court of Alabama.

Aug. 5, 1965.

Rehearing Denied Sept. 2, 1965.

Howell, Johnston & Langford, Mobile, for appellants.

J. Jeptha Hill and McCorvey, Turner, Johnstone, Adams & May, Mobile, for appellee.

MERRILL, Justice.

This appeal is from that part of a decree which established a materialman's lien in the amount of $4,113.63 on an undivided one-half interest in a house and lot, known as Lot 22 in the Belle Chene Subdivision in Mobile.

Appellee Hallett Manufacturing Company, Inc., the materialman, sold lumber and building materials to William G. Choron, Jr., a contractor, who was building four or five houses at the same time, one of which was on Lot 22, the property here involved. At the time the materials were delivered, title was in Choron and wife. On April 17, 1963, Choron and wife transferred title to appellants, Howard L. and Lulie J. Howell. The Howells financed the purchase of the house by executing a mortgage to appellant Molton, Allen & Williams for $21,000, on April 17, 1963.

Appellee filed its claim of lien in the probate court on June 24, 1963, and filed suit on August 22, 1963. The court granted the lien on an undivided one-half interest in the amount of $4,113.63 and entered judgment against Choron for a similar amount. Choron did not appeal the judgment against him.

The most important question is presented by assignments of error one and two, which charge that the court erred in decreeing a lien against the Howell's interest because the suit was not filed within six months from the time that the indebtedness, which is the foundation of the claim, had matured as required by Tit. 33, § 42, Code 1940.

Appellants contend that the date the last material was furnished to the contractor on the job on Lot 22 was February 14, 1963,

and since suit was filed on August 22, 1963, more than six months elapsed between those two dates, and no suit was commenced within six months after the maturity of the entire indebtedness secured thereby.

We have said that to secure enforcement of his remedy under Tit. 33, § 42, the mechanic or materialman must (1) file notice of his lien claim within six months, and (2) commence suit within six months after the maturity of the entire indebtedness. We also said that a debt is mature when it accrues so as to be due and payable. Home Federal Savings & Loan Ass'n v. Williams, 276 Ala. 37, 158 So.2d 678.

Appellants also rely on the statement in Lane & Bodley Co. v. Jones, 79 Ala. 156:

" * * * If the materials were furnished in pursuance of a single continuing contract, such as to furnish materials for a building about to be erected, or in process of construction, the period within which the statement must be filed with the judge of probate commences to run from the delivery of the last items. * * *"

Appellants insist that since both Choron and Hallett testified that the indebtedness matured from the delivery of the last item, and that date was February 14, 1963, the lien could not be enforced against appellants.

Appellee argues that the whole record and course of dealing of the parties show that the indebtedness was not intended to mature until the construction on each house was completed, which was in April; or upon a full statement of the account to Choron, or at least until the discount date which on many bills was "2% 10 days;" and a final contention that the last item was delivered on February 22, 1963, which was within the six months' period.

We pretermit discussion of any of appellee's contentions except the last. As we view the evidence, it was strictly a question of fact whether the last materials were delivered on February 14 or February 22. The evidence was conflicting on this point and there was evidence to support delivery on February 22.

A reviewing court must indulge all reasonable presumptions in favor of the trial court's findings when evidence is heard ore tenus, and this court will not substitute its judgment for that of the trial court on the effect of conflicting evidence dealing with a pivotal question of fact. Teague Hardware Co. v. Bankhead Development Co., 274 Ala. 697, 151 So.2d 611, and cases there cited. The finding of the trial court is supported by the evidence and is not subject to revision here. Hughes v. McAnnally, 272 Ala. 169, 130 So.2d 176.

Appellants also contend that the court erred in decreeing the lien because appellee failed to prove the material allegations of the complaint that the articles furnished by appellee were actually used in the building constructed on Lot 22.

We have held that for a mechanic's or materialman's lien to attach, the materials must not only be furnished, but be used or become a part of the improvement. Wade v. Glencoe Lumber Co., 267 Ala. 530, 103 So.2d 730.

It is undisputed that appellee was also furnishing materials to Choron at other sites while the building was being constructed on Lot 22.

The record and the invoices show that the materials were designated to job 24 at Lot 22. Most of the invoices were signed by T. C. Cooley, the foreman. A few were signed by B. G. Eddins or James Wright, who were carpenters on the job. Proof was made of delivery to the job, of the fact that no complaint was made that the materials ordered were not delivered to the job, and

that materials of the same type as those listed in the invoices were used on the job.

 The burden on the materialman claiming a lien is, at most, to "show with reasonable satisfaction that the goods were used in the building." May & Thomas Hardware Co. v. McConnell, 102 Ala. 577, 14 So. 768; Robinson v. Crotwell Bros. Lumber Co., 167 Ala. 566, 52 So. 733.

The rule in most jurisdictions seems to be that proof of delivery of materials to the building site constitutes prima facie evidence, or creates a presumption, of their use in the improvement, particularly where supported by other circumstantial evidence of actual use, and thereafter the owner has the burden of showing that they were not used, if such was the case. Annotation 39 A.L.R.2d 427, B. § 9 [a], citing cases from fifteen jurisdictions.

Here, the foreman testified that he did not remember whether any materials were moved from the job at Lot 22 to other jobs or not, but he and Choron testified that the remaining shingles, bricks, etc. left from one job were transferred to another. There was vague testimony as to whether one disappearing stairway was moved to another job, but it was not certain or satisfactory.

 It is common knowledge that on any sizeable construction job every brick, every piece of lumber, every inch of pipe, etc. is not used. But neither this court nor any other court is going to be so technical as to require an audit of every piece of material sent out on a job by a materialman before establishing a lien on property.

 The trial court was not so impressed with the claims that all the property was not used in the construction that the amount of the lien was reduced, and we cannot say that the conclusion reached was improper or unjust. It results that the part of the decree appealed from should be affirmed.

Appellant Molton, Allen & Williams has adopted the assignments of error and argu-

ments of appellants Howell. Of necessity, the decree is also affirmed as to this appellant.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.