This case involves an appeal from the Circuit Court of Jefferson County which denied Hartford Accident and Indemnity Company's lien claimed upon a leasehold of American Country Clubs, Inc. We affirm.
American contracted with Marsh Daniel, Inc., a general contracting firm, to perform renovations and improvements upon its leasehold known as the Morris House (a restaurant and lounge located on Morris Avenue in Birmingham). Pursuant to this contract, Hartford entered into a payment performance bond surety relationship for Marsh Daniel.
Because American was unable to meet its debts to Marsh 
Daniel as they came due, Marsh Daniel assigned all its rights to Hartford on April 23, 1975, and filed a lien statement on April 24. This initial lien statement was insufficient in that it incorrectly stated the owner and description of the property. Suit was filed on April 25, 1975, seeking money damages and enforcement of the lien.
On August 18, the lien statement was amended to include Isadore and Sara Weinstein as the owners of the premises. The statement was amended again on September 9, 1975, to correctly state the legal description of one of the parcels of land involved.
American filed a voluntary petition in bankruptcy on October 7, 1975. On November 25, the Honorable Steven B. Coleman, Bankruptcy Judge, granted leave for Hartford to proceed in Circuit Court to determine the validity and amount of the lien claimed.
The trial Court held that American was indebted to Hartford in the amount of $95,924.77, but that it was not entitled to a lien. The refusal to recognize the lien was based upon the Court's holding that no effective lien was filed until the September 9 amendment; that the evidence failed to show the date the debt matured or the date of last performance by Marsh Daniel; and, that the evidence failed to show the parcel where the Morris House was located.
The term "mechanic's lien" is the generic name for any lien on realty in favor of persons furnishing labor or materials in, or for, the erection of buildings, or for the making of improvements on realty. Emanuel v. Underwood Coal Supply Co.,244 Ala. 436, 14 So.2d 151 (1943). When this lien is upon a building on leased property, as here, it extends only to the leasehold and the improvements. Tit. 33, § 39, Code.
The requirements of a mechanic's or materialman's lien are found in Tit. 33, §§ 37 et seq., Code. These requirements include the filing of a lien statement containing the amount secured by the lien; a description of the property; and the name of the owner or proprietor of the property in question. Tit. 33, § 41, Code. Furthermore, § 42 indicates that to be effective, the statement must not be filed more than six months "after the last item of work or labor has been performed."
Because this statute is in derogation of the common law, it must be strictly construed. Emanuel, supra; Snellings LumberCo. v. Porter, 225 Ala. 164, 142 So. 560 (1932); and 53 C.J.S.Liens § 5b.
 "Our statutory system provides the only lien legal or equitable available to a materialman as such . . . This cannot be enlarged except by contract express or implied, or by some established equitable principle based on the maxims of equity on a consideration of right and justice." Security Federal Savings Loan Ass'n. v. Underwood Coal Supply Co., 245 Ala. 56, 61, 16 So.2d 100, 102 (1943).
Absent a contract or "some established equitable principle" (neither of which is here claimed), for a court to enforce a lien, then, the party seeking enforcement must prove the statutory prerequisites. As stated, one of the requisites is the filing of a lien statement within six months from the date the last work was performed on the project. Home FederalSavings Loan Ass'n. v. Williams, 276 Ala. 37, 158 So.2d 678
(1963); and Mazel v. Bain, 272 Ala. 640, 133 So.2d 44 (1961). *Page 1149 
The lien statement filed on April 24, 1975, was not effective because it incorrectly stated the names of the owners and the legal description of the property. This insufficiency may be corrected, however, should all the requisite information be correctly filed, or the original statement amended, within the statutory period. Any statement or amendment filed after such six-month period is ineffective. Tucker v. TrussvilleConvalescent Home, Inc., 289 Ala. 366, 267 So.2d 438 (1972); and Guaranty Pest Control, Inc. v. Commercial Investment Development Corp., 288 Ala. 604, 264 So.2d 163 (1972).
Therefore, as we view the situation, it was strictly a question of fact whether the lien statement was filed before the statutory period had expired. Thus viewed, the evidence presented becomes of paramount concern. Howell v. HallettManufacturing Co., Inc., 278 Ala. 316, 178 So.2d 94 (1965).
James L. Marsh, president of Marsh Daniel, testified as follows:
 "Q. When was the last work that was done on the project?
"A. When was the last?
"Q. Yes, by Marsh Daniel, Inc.
"A. I don't recall."
He went further and stated on cross-examination:
 "Q. Now, in connection with that, were you on the job every day?
"A. I was not.
 "Q. And of your own knowledge, do you know, or can you state positively when the last work was done prior to March 14?
"A. I cannot."
Later, Marsh stated:
"Q. Right. But you don't recall when that was?
 "A. No sir, I don't recall the date. It was AEA week."
As will be shown, the calendar of the Jefferson County Board of Education, of which Hartford seeks judicial notice by this Court to determine the inclusive dates of A.E.A. week, is immaterial. A question of fact is raised regardless of our ruling on this matter.
Mr. John Samford's testimony contradicted Marsh's as follows:
 "Q. Do you have any recollection if that was the day you paid him?
 "A. This was the day he was paid. The check is dated 3-6-1975 to Jack Higginbotham.
 "Q. All right. Based on that, do you have any independent recollection as to when the last work that Marsh's men worked on your nightclub?
 "A. To my recollection, they were pulling off the job on about this time.
"Q. On that date?
"A. On or about that day, yes, sir."
No precise, affirmative evidence was elicited as to what was the last day work was performed. Obviously, this date was in dispute, and its determination must be left to the trier of fact.
When the trial Court sits without a jury and determines questions of fact which are in dispute, the ore tenus rule of review must be applied. Robertson v. Fincher, 348 So.2d 466
(Ala. 1977). By this rule, a reviewing court must indulge all reasonable presumptions in favor of the trial court's findings.Howell, supra.
It is well settled that a mechanic's lien is not perfected until every requirement of the statute is complied with. LilyFlagg Building Supply Co. v. J.M. Medlin Co., 285 Ala. 402,232 So.2d 643 (1970). A failure to file the lien statement within the statutory period either precludes its existence or renders it void and unenforceable. Tit. 33, § 42, Code; 53 Am.Jur.2d, Mechanics Lien, § 208. See also Davis v. Alvord,94 U.S. 545, 24 L.Ed. 283 (1876).
The trial Court determined that there was insufficient evidence to determine when work was last performed by Marsh 
Daniel on the Morris House project. Stated otherwise, the trial Judge determined that Marsh Daniel failed to meet its burden as to the requisite statutory elements. Because of our rule ofore tenus, we are obliged to follow this determination regardless of whether we would come to the *Page 1150 
same conclusion. Under the posture of this case, it is not a question of law as to whether the evidence was sufficient; rather, it was a question of fact for the trial Judge. In the absence of this factual determination, no effective lien is possible.
Hartford contends that Marsh's testimony is positive in nature and is "the only positive evidence establishing the date." As such, Hartford contends, it "overrides" testimony of Samford. We disagree. No positive evidence as to the last day of work was elicited from either Marsh or Samford. Neither party was present at the job site to make this determination. The terminology and phraseology of the testimony is not determinative of its nature. Instead, it is the circumstances surrounding the evidence which resolve this question whether a conflict in the evidence was created. Callaway v. Eason,248 Ala. 523, 28 So.2d 560 (1946).
The trial Judge was not reasonably satisfied from the evidence that the timeliness requirement of Section 42 had been met. If work stopped on March 6, the September 9 amendment was not timely filed; if work stopped after March 9, it was. Because of the ambivalent nature of the testimony, the trial Judge was unable to make this determination, thus rendering the lien statement ineffective. The trial Court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.