Defendants below appeal from a judgment rendered by the Circuit Court of Madison County which established in plaintiff's favor a materialman's lien on certain property owned by defendant church. Defendants contend on appeal that the action by plaintiff should have been barred by the doctrine of res judicata, and that the trial court's written judgment is void because it fails to strictly comply with Code of Alabama 1975, § 35-11-224. We reverse.
The record reveals the following facts. Plaintiff, All Phase-Electrical Wholesalers, Inc., sold to Midas Electric Company (who was a defendant below but is not a party to this appeal) on account $4,797.68 worth of electrical materials, for which payment was not made. Certain of these materials, $2,421 worth, were delivered to defendant Wall Highway Baptist Church, Inc.'s property in Madison County, and were incorporated in the church's construction improvements on that property. Midas Electric Company was the sub-contractor for the church's construction project.
On May 30, 1978 plaintiff recovered a default judgment for $16,046.62 against Midas Electric Company in Madison Circuit Court Case No. CV 78-338Y. That default judgment, resulting from plaintiff's suit on the account between itself and Midas, encompassed the $4,797.68 unpaid account involved in the case at bar. The record does not indicate, nor do the parties contend, that the judgment in Case No. CV 78-338Y was ever satisfied.
In July 1978 plaintiff filed a complaint seeking to establish a materialman's lien on defendant church's property. Midas Electric Company was a party defendant to this action, as were appellants Copeland Construction Company (the general contractor for the church's construction project) and Wall Highway Baptist Church, Inc.
Judgment by default was again entered against Midas Electric Company, as well as against the church. Copeland Construction Company did appear and defend at the hearing, and testimony was heard ore tenus by the trial court. However, no transcript of this testimony was included in the record on appeal.
Following the hearing the trial court entered judgment for plaintiff on November 21, 1978, finding that the defendant church owed the defendant Copeland Construction Company the sum of $1,527 on the construction project, and that plaintiff had complied with all statutory requirements for perfection of a statutory materialman's lien on the church property. The judgment established a lien in favor of plaintiff on the church property (which property is fully described in the judgment) and entitled plaintiff to have the property sold to satisfy its lien.
The judgment further states:
 The Court was not required to and did not enter a money judgment for the materials unpaid for as between the plaintiff and the defendant Midas Electric Company, Incorporated, because it takes judicial knowledge of its own court records revealing that the plaintiff heretofore on May 30, 1978 recovered a money judgment against the defendant, Midas Electric Company, Incorporated in Case No. CV78-338Y for $16,046.62, and that the account, the subject of that judgment, encompasses the $4,797.68 account unpaid for in the instant cause.
Defendants argue on appeal that plaintiff's prior judgment against Midas Electric Company in May 1978 should have barred plaintiff's later action for a materialman's lien against Midas and appellants under the doctrine of res judicata, since both actions were based on the same debt. Defendants cite numerous authorities for the proposition that a prior judgment becomes res judicata as to a subsequent suit regarding not only the issues actually litigated in the first action but also regarding those issues *Page 232 
that could have been litigated in the former suit. Defendants contend that they could have been joined as defendants in plaintiff's prior suit against Midas Electric Company, and that the issue of the lien could have been litigated in the prior suit; thus plaintiff's suit in the case at bar should have been barred.
To sustain a plea of res judicata or judgment by estoppel, the parties must be the same, the subject matter the same, the point must be directly in question, and the judgment must be rendered on that point. McGruder v. B L Construction Company, Ala., 331 So.2d 257 (1976). And, as defendants correctly point out, a judgment in a former action between the same parties is not only conclusive of the questions actually litigated, but those which could have been and ought to have been litigated in the former suit. Ex parte Proctor, 247 Ala. 138, 22 So.2d 896
(1945).
We find no application of these principles to the case at bar. Plaintiff's first suit, against Midas Electric Company alone and based solely on the account existing between those parties, did not involve the same issues litigated in the subsequent suit which sought to establish a materialman's lien on the church's property. Nor did the appellants here have any direct interest in the prior suit. Thus we cannot agree that the issue of the materialman's lien could have been or ought to have been litigated in the prior suit.
Our conclusion is supported by the Alabama Supreme Court's opinion on rehearing in Redd Bros., Inc. v. Todd, 209 Ala. 56,95 So. 276 (1923). That case involved a judgment of dismissal in a materialman's lien suit, the materialman contending that the dismissal would bar a subsequent action by him against the builder based on the builder's general indebtedness arising from the account between the parties. The court's opinion stated that such later action would not be subject to a plea of res judicata since the issues of fact are not identical, though between the same parties.
Defendants further contend that the trial court's written judgment is void because it fails to strictly comply with Code of Alabama 1975, § 35-11-224. That statute reads in pertinent part:
 Any defendant, by appropriate plea, may put in issue the fact of indebtedness or the existence of the lien, or both, and may interpose any other defense applicable to the action; and if the court by its finding . . . ascertain that the plaintiff has a lien as claimed, judgment shall be entered for the amount secured thereby, interest and costs, against the party liable for the same, and establishing the lien, and condemning the property to sale for the satisfaction thereof; but if the finding or verdict is for the plaintiff only on the issue of indebtedness, a judgment shall be entered in his favor for the amount thereof as in other cases.
Defendants argue that the trial court erred in rendering the above-quoted judgment which establishes the lien without first entering a money judgment for the amount secured by the lien.
We agree. Our cases are uniform in holding that a materialman's lien is not allowable in equity independently of statute, and where such statutory authority is relied upon, there must be strict compliance therewith. McCleskey v. Finney,272 Ala. 194, 130 So.2d 183 (1961); Lindsey v. Rogers, 260 Ala. 231, 69 So.2d 445 (1954). In order for plaintiff's lien to be established, the judgment establishing that lien must strictly adhere to the terms of § 35-11-224. Cf. Security Transactions,Inc. v. Nelson Excavating and Paving Co., 55 Ala. App. 223,314 So.2d 297, cert. den. 294 Ala. 768, 314 So.2d 304 (1975) (reversing that portion of trial court's decree which provided for recovery of attorney's fees by materialman where no such recovery was allowed by statute).
Section 35-11-224 expressly requires, inter alia, that the court, upon ascertaining that the plaintiff has a lien as claimed, shall enter a judgment for the amount secured thereby, interests and costs *Page 233 
against the party liable for the same. In the case at bar the trial court's judgment attempts to establish a lien on the property of Wall Highway Baptist Church based on the existence of a debt which the court had earlier held to be owed to the lienor by Midas Electric Company. No judgment was entered against the church, i.e. the party liable for the amount secured by the lien. This failure to comply with the requirements of § 35-11-224 constitutes reversible error. The trial court's judgment is reversed and the cause remanded.
REVERSED AND REMANDED.
WRIGHT, P.J., and HOLMES, J., concur.