Appellants, William and Billie Starek, purchased a home, located at 805 Gonzales Drive, Dothan, Alabama, from Blackmon Construction Realty, Inc. for $50,000.00. At the time of the purchase the Stareks mortgaged the home to United Federal Savings and Loan Association for $45,000.00. The purchase and the loan were closed on January 20, 1978. The appellee, TKW, Inc., is a building material supplier who supplied material to Blackmon for the construction of the home. Invoices show that TKW began supplying building material for the construction of the house located at 805 Gonzales Drive on or about May 19, 1977. The last invoice is dated August 1, 1977, and final delivery of building material was made on August 11 or 12, 1977. Blackmon owed TKW $10,806.39 for building material supplied for the property. Blackmon was adjudicated bankrupt in early 1978. TKW filed a lien against the property on January 24, 1978. Suit was filed by TKW on July 11, 1978. Judgment for the amount due was entered in favor of TKW and a lien against the property was established. The property was ordered sold to satisfy the judgment and the lien.
Appellants raise four contentions in this appeal: (1) whether Blackmon and United Federal should have been joined as parties under ARCP 19; (2) whether the evidence supported the establishment of the lien; (3) whether the statute of limitations had run before the lien was filed; and (4) whether the court erred in admitting into evidence the fact that Joe Blackmon of Blackmon Construction Realty, Inc. had previously sworn the debt was paid.
The question of whether Blackmon and United Federal should have been joined as parties under ARCP 19 is answered by statute. "In such actions [materialmen's lien actions], all persons interested in the matter in controversy, or in the property charged with the lien, may be made parties; but such as are not made parties shall not be bound by the judgment or proceedings therein." Code 1975, § 35-11-223 (a).
While the holder of the legal title must be a party, LilyFlagg Building Supply Co. v. J.M. Medlin Co., 285 Ala. 402,232 So.2d 643 (1970); Sorsby v. Woodlawn Lumber Co., 202 Ala. 566,81 So. 68 (1919); Hughes v. Torgerson, 96 Ala. 346,11 So. 209 (1892); Roman v. Thorn, 83 Ala. 443, 3 So. 759 (1888), the lien claimant has the option of joining the mortgagee or other parties who have an interest in the property. If he does not join them, however, they are not bound by the judgment. LilyFlagg Building Supply Co. v. J.M. Medlin Co.,285 Ala. at 407-08, 232 So.2d at 648. TKW brought its action against the holders of legal title, the Stareks. There is no evidence in the record which indicates that Blackmon has an interest in the property. TKW could have joined United Federal but did not; that decision was within the discretion of the lienholder under the statute. The Stareks' first contention does not warrant reversal.
Next, we deal with the contention by the Stareks concerning the sufficiency of the evidence, including the admission into evidence of statements made by Joe Blackmon of Blackmon Construction Realty, Inc. that the debt was paid. While the general rule of law protects a purchaser who is without notice of the existence of a lien, the issue here is whether the evidence was sufficient to establish that the purchaser had actual or constructive notice of the existence of facts which give rise to a materialman's lien.
While a lien for repairs or improvements to an existing
structure filed after the sale of the entire building to a purchaser who had no knowledge of the outstanding debt does not have priority over the purchaser (see, Martin v. Clark,154 Ala. 425, 46 So. 232 (1908); see also, Guaranty Pest Control,Inc. v. Commercial Investment Development Corp., 288 Ala. 604, 264 So.2d 163 (1972)), a lien filed on a new building does have priority over a purchaser regardless of actual notice. This is true because a purchaser of a new building has constructive notice that material used to build the structure may not be paid for. *Page 37 
Therefore, one who purchases a new home prior to the running of the six-month statute of limitations is put on constructive notice that the filing of a lien is still statutorily permissible. This position, while appearing harsh, is the rule of law in Alabama. In Grimsley v. First Ave. Coal Lumber Co.,217 Ala. 159, 115 So. 90 (1927), this Court stated:
 "It cannot be said that one may purchase a newly constructed house before the time provided for the perfecting of the material and mechanics' liens thereon had expired, and defeat the purpose of the statute. It is immaterial whether such a sale was bona fide or fraudulent, the property is subject to the lien when perfected and enforced as provided by the statute.
 "And the fact that the work was in progress is notice to all who dealt with said property or contracted therefor with its owner that the right under the statute exists, and sales or conveyances made within the time prescribed by the statute would be subject to the right. The declared priorities of section 8833 of the Code have not the effect of permitting a sale or conveyance by deed within the period of the statute that would defeat the mechanics' and materialmen's liens given by section 8832 of the Code. If something is done of a substantial and conspicuous character to make it apparent to bona fide purchasers that the building has actually commenced . . . that is notice relating to commencement of the work.
 "In Rockel on Mechanics' Liens, at page 393, * 150, it is said:
 `The fact that the work is in progress . . . is a notice to all of the rights of the mechanic, and all conveyances made during that time are made subject to the mechanic's rights. . . . It is immaterial whether the sale was fraudulent . . . , or bona fide the property is subject to the lien that may thereafter be perfected within the time limited by statute. . . .'
". . . .
 "When a new house is constructed, as indicated in LeGrand v. Hubbard, 216 Ala. 164, 112 So. 826, it is notice to all the world, within the lien period, of the rights of the mechanic and materialman. It is actual and constructive notice to subsequent lienholders and incumbrancers, and affects purchasers for value with such notice."
217 Ala. at 161-63, 115 So. at 91-93 (citations omitted). This principle of law was approved in Lily Flagg Building Supply Co.v. J.M. Medlin Co., 285 Ala. 402, 232 So.2d 643 (1970), wherein this Court stated:
 "We readily agree with the principle of law stated in Grimsley v. First Ave. Coal Lmbr. Co., supra, that a materialman's lien attaches and is created at the time the work on the building or improvement commences, and it is not defeated by a subsequent sale or conveyance of the property, provided the lienor perfects his lien in accordance with the requirements of law, and it is immaterial that the conveyance was executed before suit is brought to enforce the lien."
285 Ala. at 407, 232 So.2d at 648.
TKW is a materialman and properly filed its lien. Code 1975, § 35-11-211, states that "[s]uch lien as to the land and buildings or improvements thereon, shall have priority over all other liens, mortgages or incumbrances created subsequent to the commencement of work on the building . . . ." (Emphasis added.) This statute omits any reference to subsequent purchasers. Therefore, the cases interpreting this statute provide that the holder of a materialman's lien has the obligation to show that the subsequent purchaser had either actual or constructive notice. In this case, the trial court found that the Stareks had constructive notice.
Materialmen in this state were given protection by the Alabama Legislature. This decision simply follows previous interpretations of the statute by this Court and follows the general policy of the statute, which is "to secure to the materialman and the laborer the just reward of their material and labor . . . based upon the general *Page 38 
equitable principle that one should not enjoy the benefit thereof without just compensation therefor." Lily FlaggBuilding Supply Co. v. J.M. Medlin Co., 285 Ala. at 405,232 So.2d at 646.
We are aware of the fact that in his testimony, Joe Blackmon, the president of the now bankrupt Blackmon Realty Construction, Inc., acknowledged that when the house was sold he had signed an affidavit stating that TKW had been paid when in fact TKW had not been paid. This misrepresentation by Blackmon to the Stareks and United Federal cannot affect the rights of TKW, nor did its introduction into evidence at the trial prejudice the Stareks. The statutory lien gave TKW a right against the property. If not for the statute, TKW would have no protection for recovery of the value of material it supplied. The trial judge decided, after hearing the case, ore tenus, that TKW was entitled to a judgment for $10,806.39 and that the property in question be condemned and sold to satisfy the lien. The trial court's decision should not be disturbed on appeal unless plainly and palpably erroneous or manifestly unjust. Pritchett v. Nathan Rodgers Construction RealtyCorp., 379 So.2d 545, 548 (Ala. 1979); Hill v. AbyssiniaMissionary Baptist Church, 370 So.2d 1389, 1391 (Ala. 1979);Donnelly v. Doak, 346 So.2d 414, 416 (Ala. 1977). The decision of the trial court is supported by ample evidence in the record, as documents admitted at trial and testimony taken during the trial substantiate the award.
The last contention of the Stareks concerns the statute of limitations. An examination of the record shows that the lien was filed within six months "after the last item of work or labor [had] been performed or the last item of any material, fixture, engine, boiler, or machinery [had] been furnished for [the] building. . . ." Code 1975, § 35-11-215, and the action for the enforcement of the lien was "commenced within six months after the maturity of the entire indebtedness secured thereby . . . ." Code 1975, § 35-11-221.
Upon reading these statutes we find that they show that there are two time periods which are important: A six-month time period after the last delivery of material for the filing of the lien, and a six-month time period after the maturity of the indebtedness for the filing of suit to enforce the lien. See,Howell v. Hallett Manufacturing Co., 278 Ala. 316, 178 So.2d 94
(1965); Home Federal Savings Loan Association v. Williams,276 Ala. 37, 158 So.2d 678 (1963).
The record shows that the last delivery of material occurred on August 11 or 12, 1977, and the lien was filed on January 24, 1978. Therefore, the lien was filed within six months after the last delivery of material. Code 1975, § 35-11-215.
The record is not as clear as to the precise date when the debt for the material used to construct the house matured. Maturity of a debt can be defined as the date the debt accrued so as to be due and payable. See, Home Federal Savings LoanAssociation v. Williams, 276 Ala. at 41, 158 So.2d at 681. Apparently, the trial court considered January 20, 1978, the date of the closing, to be the date that TKW expected payment of the debt. There is evidence in the record that Blackmon and TKW agreed that payment was to come from the proceeds of the closing. See, Home Federal Savings Loan Association v.Williams, 276 Ala. at 42-43, 158 So.2d at 682-83. Suit was filed on July 11, 1978, which was within the six-month statute of limitations. Code 1975, § 35-11-221. "A reviewing court must indulge all reasonable presumptions in favor of the trial court's findings when evidence is heard ore tenus, and this Court will not substitute its judgment for that of the trial court on the effect of conflicting evidence dealing with a pivotal question of fact." Howell v. Hallett Manufacturing Co.,278 Ala. at 318, 178 So.2d at 96. The judgment of the trial court is affirmed.
AFFIRMED.
MADDOX, JONES, ALMON, SHORES and BEATTY, JJ., concur.
FAULKNER, EMBRY and ADAMS, JJ., dissent. *Page 39