Dean and Son Plumbing Company, Inc. (Dean) instituted suit against Madison Highlands Development Company (MHDC), H.E. Miller, and Union National Bank to recover a lien judgment for $1,000. The complaint contained counts for breach of contract; work, labor and materials furnished; open account; and account stated. MHDC counterclaimed for damages in the amount of $1,500. The case was tried to the court sitting without a jury. The trial court entered judgment for Dean in the amount of $1029.10 against MHDC and awarded a judgment lien therefor. MHDC *Page 1130 
was denied relief on the counterclaim. MHDC's motion to alter judgment was denied and MHDC appeals to this court.
The record reveals that the case arose out of the following circumstances:
On October 11, 1979, Dean and MHDC entered into a written contract whereby Dean would provide specified plumbing services for a total price of $8,500. The contract allowed for a specific payment schedule. Furthermore, it contained the following clause: "Any alteration or deviation from above specifications involving extra costs will be executed only upon written orders." Subsequent to October 11, 1979, Dean commenced additional work for a grocery store which was part of the MHDC property. Miller, as president of MHDC, verbally authorized the work for Hall, the prospective tenant.[1] Miller testified that although MHDC paid Dean $659.68 in connection with the extra work, such payment was merely an accommodation and made only because Hall was not then available to advance the funds. Miller testified that he expected reimbursement from Hall and that Dean was to look to Hall for the balance of the payments. Dean, however, added the cost of the extra work to MHDC's account. Dean testified that the additional work was done at Miller's request. Dean, therefore, looked to MHDC for payment. The payment of $659.68 on the extra work reinforced Dean's belief that MHDC would accept responsibility for the extra work.
Dean billed MHDC periodically, but the billing was not consistent with the terms of the contract. The "final bill" was dated June 4, 1980, and showed a balance of $1,000. A bill dated June 18, 1980, showed an extra $29.10 due for materials. Dean testified that the last work performed on the MHDC property was in November 1980. On February 25, 1981, Dean filed a lien on the MHDC property and commenced the instant suit via a four-count complaint.
The first issue raised on appeal is whether the trial court erred in awarding a lien against MHDC's property for the amount of the judgment. MHDC contends that suit to enforce the lien was not brought within statutory time limits. We agree.
To secure enforcement of a lien, the mechanic or materialman must file notice of his lien claim within six months after last work performed or material furnished and commence suit within six months after the maturity of the entire indebtedness.Howell v. Hallett Manufacturing Co., 278 Ala. 316, 178 So.2d 94
(1965).
Section 35-11-215, Code (1975) provides:
 The lien declared in this division shall be deemed lost unless the statement . . . shall be filed by every original contractor within six months . . . after the last item of work or labor has been performed. . . .
Dean contends that work performed on the MHDC property in November 1980 was within six months of the filing of the lien and commencement of the suit for its enforcement was therefore timely. It is well settled, however, that a mechanic's lien is not perfected until every requirement of the statute is met.Hartford Accident and Indemnity Company v. American CountryClubs, Inc., 353 So.2d 1147 (Ala. 1977).
Section 35-11-221, Code (1975) provides:
 Any action for the enforcement of the lien declared in this division must be commenced within six months after the maturity of the entire indebtedness secured thereby, except as otherwise provided in this division. (Emphasis supplied.)
Maturity of the debt has been defined as the date such debt accured so as to be due and payable. Starek v. TKW, Inc.,410 So.2d 35 (Ala. 1982). Although Dean claims to have performed work on the property as late as November 1980, the record clearly reveals that the final bill for the work was issued in June 1980. The full balance was therefore due and payable more than six months before suit was commenced on February 25, 1981.Home Federal Savings Loan Association v. Williams, 276 Ala. 37, 158 So.2d 678 (1963). The filing of the suit *Page 1131 
to enforce the lien was untimely and the trial court erred in granting the lien.
Alabama law, however, allows the entry of a personal judgment against the contracting owner even though the materialman cannot establish a lien. Henderson v. Moore-Handley, Inc.,349 So.2d 1165 (Ala.Civ.App.), cert. denied, 349 So.2d 1170 (Ala. 1977). The second issue to be considered on appeal is whether there is sufficient evidence to show that MHDC is indebted to Dean. The record reveals that Miller, as president of MHDC, had the authority to enter into contracts on behalf of his corporation. It is undisputed that a portion of the costs of the extra work was paid by a check issued on MHDC's account. The question whether MHDC or its tenant, Hall, was to pay for the extra work was for the trier of fact as evidence on that question was conflicting. A reviewing court must indulge all reasonable presumptions in favor of the trial court's finding when the evidence is heard ore tenus. Hartford Accident andIndemnity Company v. American Country Clubs, Inc., supra. Such finding will not be set aside on appeal unless, after allowing all reasonable inferences in favor of its correctness, the record contains such a preponderance of evidence against it that this court must find it palpably wrong and unjust.Sunshine Homes v. Hogan, 408 So.2d 149 (Ala.Civ.App. 1981).
Whether the extra work is viewed as part of the original contract or as a separate oral agreement between the parties need not be decided. The second count of Dean's complaint was for work, labor and materials. We find the evidence supports the trial court's determination that MHDC was indebted to Dean for the amount of the judgment.
The fourth issue raised concerns the discrepancy between the amount prayed for in the complaint ($1,000) and the amount awarded in the final judgment ($1,029.10). Under Rule 54 (c) A.R.C.P.:
 [E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.
In the instant case there was evidence, albeit disputed, that extensions supplied by Dean and valued at $29.10 were not replaced by MHDC. We cannot say, in view of the ore tenus rule, that the inclusion of that amount in the judgment was error.
The final issue on appeal is whether the trial court erred in denying relief to MHDC on its counterclaim. MHDC contends that Dean workers left debris in the restrooms and as a result MHDC expended $1,500 to clean and repaint them. In addition, MHDC claims to have incurred expenses in finishing work on the grocery store. The evidence on both claims is disputed by the testimony of Mr. Dean. Again, when evidence is heard ore tenus, this court will not substitute its judgment for that of the trial court on the effect of conflicting evidence in regard to a pivotal question of fact. Howell v. Hallett ManufacturingCo., supra. We find no error in the denial of relief to MHDC on the counterclaim.
The judgment of the trial court is hereby affirmed except that the award of the lien on the property of MHDC be deleted therefrom.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTION.
BRADLEY and HOLMES, JJ., concur.
[1] Mr. Hall eventually reneged on his lease agreement with MHDC.