INGRAM, Judge.
Appellant, Government Street Lumber Company, Inc. (lumber company), appeals from an adverse ruling by the trial court in favor of the appellee, Baldwin County Savings & Loan Association (BCSL). The trial court determined that the lumber company’s materialman’s lien was subordinate to both mortgages held by BCSL on the subject property. At issue is whether the trial court’s failure to enforce the lumber company’s lien resulted in reversible error.
The record indicates that BCSL filed a complaint for judicial foreclosure on the subject property. The trial court conducted an ore tenus hearing and found that all mechanic’s and materialman’s liens filed against the subject property were subordinate to BCSL’s two mortgages. Specifically, the trial court determined that the lumber company lost its lien by failing to comply with § 35-11-215, Ala.Code 1975 (1986 RepLVol.), which states, in pertinent part, as follows:
“The lien ... shall be deemed lost unless ... filed by every original contractor within six months ... after the last item of work or labor has been performed or the last item ... has been fur-nished_”
In other words, the materialman’s lien must be filed within six months from the date the last items are delivered. Howell v. Hallett Mfg. Co., 278 Ala. 316, 178 So.2d 94 (1965).
The lumber company contends that it filed its lien within the requisite statutory period. The credit manager’s affidavit indicated that the last delivery of goods occurred on March 28,1985. This affidavit supported the lumber company’s contention, since it filed its lien within six months of March 28. The lumber company, however, supplied the trial court with conflicting evidence when it submitted 27 invoices. *646 The last invoice was dated December 17, 1984. The trial court considered all the evidence and concluded that the lumber company last delivered goods on December 17, 1984. The lumber company, therefore, had until June 17, 1985, six months from December 17, to file its claim in accordance with the above cited statute. It did not file until September 18, 1985.
The trial court’s decision in an ore tenus case must be affirmed unless plainly erroneous, manifestly unjust, or unsupported by evidence. Davis v. Owen, 461 So.2d 1300 (Ala.1984). There was clearly evidence to support the trial court’s judgment. Wé find, therefore, that the lumber company’s failure to comply with the technical requirements set forth in § 35-11-215 resulted in an ineffective and unenforceable lien. Ex parte Douthit, 480 So.2d 547 (Ala.1985); Hartford Accident & Indemnity Co. v. American Country Clubs, Inc., 353 So.2d 1147 (Ala.1977).
We further note that the trial court judgment would have been upheld even if this court had agreed with the lumber company’s contention and determined from the credit manager’s affidavit that March 28, 1985, not December 17, 1984, was the last delivery date. In an ore tenus case, the trial court’s judgment is presumed correct and will not be disturbed if there is any credible evidence to support its findings. Scruggs v. Scruggs, 456 So.2d 319 (Ala.Civ. App.1984).
We point out that to create an enforceable lien in the case at bar, the lumber company not only had to file its lien within six months of the last delivery date, but it also had to commence suit within six months after the maturity of the indebtedness. Morris v. Swope Co., 465 So.2d 1153 (Ala.Civ.App.1984); Madison Highlands Dev. Co. v. Dean & Son Plumbing Co., 415 So.2d 1129 (Ala.Civ.App.1982). This was not done. Careful examination of the record reveals that the lumber company never commenced an action, either by claim or counterclaim, against BCSL to enforce its lien. In fact, there is no proof in the record that the lumber company commenced suit against anyone for the enforcement of the lien within six months after the maturity of the debt.
We note that the lumber company, in brief, refers to events outside the record in an attempt to support its position. We are not authorized, however, to consider factual matters outside the record itself. Sellers v. Sellers, 497 So.2d 174 (Ala.Civ.App. 1986).
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.