RUSSELL, Judge.
This is a consolidated case brought to perfect and enforce materialman’s liens.
After an ore tenus hearing, the trial court entered a judgment, establishing a lien on the real estate for each appellee and ordering that the real estate and improvements be sold for satisfaction of the liens. We affirm in part, reverse in part, and remand.
The issue presented is whether the trial court committed reversible error by imposing liens against the real property without entering a money judgment against the party liable for the debt. With respect to the lien imposed in favor of Mr. Moore, we agree.
Initially, we note our standard of review:
“When a trial court hears ore tenus testimony, as in this case, its judgment based upon that testimony is presumed correct and will be reversed only if, after consideration of the evidence and all reasonable inferences to be drawn therefrom, we find the judgment to be plainly and palpably wrong. McInnis v. Lay, 533 So.2d 581 (Ala.1988). This rule does not apply when the trial court erroneously applies the law to the facts before it. McInnis, supra; League v. McDonald, 355 So.2d 695 (Ala.1978).”
Williams v. Nearen, 540 So.2d 1371, 1372 (Ala.1989).
Code of Alabama 1975, § 35-11-224, reads as follows:
“Any defendant, by appropriate plea, may put in issue the fact of indebtedness or the existence of the lien, or both, and may interpose any other defense applicable to the action; and if the court by its finding, or the jury by their verdict, as the case may be, ascertain that the plaintiff has a lien as claimed, judgment shall be entered for the amount secured thereby, interest and costs, against the party liable for the same, and establishing the lien, and condemning the property to sale for the satisfaction thereof; but if the finding or verdict is for the plaintiff only on the issue of indebtedness, a judgment shall be entered in his favor for the amount thereof as in other cases.”
(Emphasis supplied.)
Our cases are uniform in holding that a materialman’s lien is not allowable in equity independently of statute, and where such statutory authority is relied upon, there must be strict compliance therewith. Copeland Construction Co. v. All Phase-Electrical Wholesalers, Inc., 378 So.2d 230 (Ala.Civ.App.), cert. denied, 378 So.2d 233 (Ala.1979).
Wells Building Company, Inc. (debtor) owned a residential lot in a subdivision in Huntsville, Alabama. The debtor constructed an improvement on the lot, which *1118 was subsequently sold to Billie E. Grubbs and Lena T. Grubbs (appellants). Jenkins Brick Company and Jack K. Moore, d/b/a South Central Door Company (appellees), furnished materials and supplies which were used in the construction of the improvement.
The debtor failed to pay the appellees, and both timely filed statements of lien against the subject property. They subsequently sought money judgments against the debtor and enforcement of liens on the property.
A suggestion of bankruptcy and motion to stay proceedings during pendency of the bankruptcy of the debtor was denied by the trial court.
The pertinent part of § 35-11-224 requires that a judgment be entered for the amount secured by a lien against the party liable for the same. The trial court found that judgment would be proper against the debtor, except for the stay arising from the bankruptcy case. There is no evidence of an attempt to have the stay lifted by the bankruptcy court.
The trial court entered a money judgment against the Grubbses and imposed a lien on the real estate and improvements in the amount of $6,181.37 for appellee Jenkins Brick Company. For appellee Jack K. Moore, the court did not enter a money judgment against the Grubbses, but only imposed a lien on the real estate and improvements in the amount of $6,366.63. Then a sale of the real estate was ordered to satisfy both liens.
This court stated the following in Copeland, 378 So.2d 230, 233:
“In the case at bar the trial court’s judgment attempts to establish a lien on the property of Wall Highway Baptist Church based on the existence of a debt which the court had earlier held to be owed to the lienor by Midas Electric Company. No judgment was entered against the church, i.e. the party liable for the amount secured by the lien. This failure to comply with the requirements of § 35-11-224 constitutes reversible error.”
(Emphasis supplied.)
In Copeland, Midas Electric Company bought electrical supplies from the plaintiff, which were incorporated in the church’s construction improvements. The trial court did not enter a money judgment because there was a prior money judgment recovered by the plaintiff against Midas. This court stated that failure to enter a judgment against the church, the party liable for the amount secured by the lien, was reversible error. The church as owner was in a position comparable to the appellants as owners of the subject property in the instant case.
In its judgment for Jenkins, the trial court properly applied the rule in Starek v. TKW, Inc., 410 So.2d 35 (Ala.1982), as authority to establish the liens and order sale of the property, and, therefore, we affirm. In Starek, the builder purchased materials from the supplier. The builder was bankrupt and was not a party to the suit. The Stareks were the property owners and defendants. Judgment was entered against the Stareks as parties liable in compliance with the statute. However, since the court did not enter a money judgment against the Grubbses in ordering a lien in favor of Mr. Moore, we reverse and remand with respect to that portion of the judgment with instructions for the trial court to enter an order consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
INGRAM, P.J., and ROBERTSON, J., concur.