Wells Building Company, Inc. ("Wells"), owned a residential lot in a subdivision in Huntsville, Alabama. Wells built a house on the lot and later sold it to Billie E. Grubbs and his wife, Lena T. Grubbs. Prior to the sale, Jenkins Brick Company ("Jenkins") and Jack K. Moore, d/b/a South Central Door Company, furnished materials to Wells that were used in the construction of the house. Wells failed to pay for those materials. The Grubbses had no contract, express or implied, with either Jenkins or Moore to pay for the materials that were sold to Wells. Jenkins and Moore timely filed statements of lien against the Grubbses' property and, thereafter, sued, along with others, Wells and the Grubbses, seeking money judgments against Wells and seeking to have materialman's liens perfected and enforced against the Grubbses' property. Wells filed a petition for relief in the bankruptcy court, and further action against Wells was stayed. After an ore tenus
hearing, the trial court found that Jenkins and Moore were entitled to money judgments against Wells; however, *Page 1120 
because of the automatic stay in force in the bankruptcy proceeding, those judgments could not be entered. The trial court, instead, entered a money judgment for Jenkins against the Grubbses and a judgment purporting to establish Jenkins's lien. The trial court also entered a judgment for Moore, purporting to establish his lien, but it did not enter a money judgment for Moore against the Grubbses. The trial court ordered the sale of the Grubbses' property to satisfy the amounts owed by Wells to Jenkins and Moore. The Grubbses appealed these judgments to the Court of Civil Appeals, which affirmed the judgment for Jenkins, but reversed the judgment for Moore on the ground that the trial court had not entered a money judgment for Moore against the Grubbses. See Grubbs v.Jenkins Brick Co., 571 So.2d 1116 (Ala.Civ.App. 1989). The Grubbses then petitioned for a writ of certiorari, pursuant to Rule 39, A.R.App.P. We reverse and remand.
The Grubbses contend that the Court of Civil Appeals erred in holding that they were subject to personal liability for the debt of Wells. The Grubbses argue that Ala. Code 1975, §35-11-224, required that a money judgment be entered against Wells — the party liable for the debt — as a prerequisite to perfecting and enforcing the liens and that because that was not done the trial court's judgment for Jenkins should have been reversed. We agree.
Materialman's liens, being statutory creations, can be perfected and enforced only by complying with the requirements found in Ala. Code 1975, § 35-11-210 et seq. The liens are inchoate and will be lost if the lienors fail to perfect them according to the requirements of the statute. Bailey MortgageCo. v. Gobble-Fite Lumber Co., 565 So.2d 138 (Ala. 1990).
Section 35-11-224, supra, reads as follows:
 "Any defendant, by appropriate plea, may put in issue the fact of indebtedness or the existence of the lien, or both, and may interpose any other defense applicable to the action; and if the court by its finding, or the jury by their verdict, as the case may be, ascertain that the plaintiff has a lien as claimed, judgment shall be entered for the amount secured thereby, interest and costs, against the party liable for the same, and establishing the lien, and condemning the property to sale for the satisfaction thereof; but if the finding or verdict is for the plaintiff only on the issue of indebtedness, a judgment shall be entered in his favor for the amount thereof as in other cases."
(Emphasis added.) This section requires that liability for the debt be established and that a money judgment be entered against the debtor as a prerequisite to perfecting and enforcing the lien. See May Thomas Hardware Co. v. McConnell,102 Ala. 577, 14 So. 768 (1893); see, also, 53 Am.Jur.2d,Mechanic's Liens § 342 (1970). Because the Grubbses had no contract, express or implied, with either Jenkins or Moore to pay for the materials that were sold to Wells, they were not personally liable for the debt. By their liens, Jenkins and Moore simply had a right to charge the Grubbses' property with the payment of Wells's debt. Sorsby v. Woodlawn Lumber Co.,202 Ala. 566, 81 So. 68 (1919). Accordingly, the trial court erred in entering a money judgment for Jenkins against the Grubbses.Copeland v. Dixie Lumber Co., 4 Ala. App. 230, 57 So. 124
(1911); McGeever v. Harris Sons, 148 Ala. 503, 41 So. 930
(1906); May Thomas Hardware Co. v. McConnell, supra.
We are fully aware that the trial court was prohibited from entering money judgments against Wells because of the automatic stay in force in the pending bankruptcy proceeding. We note, however, that apparently no attempt was made by Jenkins and Moore to have the stay lifted. In any event, the Legislature has seen fit to require the entry of a money judgment against the debtor as a prerequisite to the perfection and enforcement of a materialman's lien and, as previously noted, this Court must look to see if the requirements of the statute have been met. If a change in the statute is needed to protect the interests of a materialman when a money judgment *Page 1121 
cannot be entered against the debtor, that change must be made by the Legislature; it cannot be made by this Court. Ala. Const. 1901, Art. III, § 43 ("Separation of powers").
We note that our decision in this regard appears to be inconsistent with Copeland Construction Co. v. All-PhaseElectrical Wholesalers, Inc., 378 So.2d 230
(Ala.Civ.App. 1979), Starek v. TKW, Inc., 410 So.2d 35 (Ala. 1982), andMcGeever v. Harris Sons, supra.
In Copeland Construction Co., the Court of Civil Appeals correctly acknowledged that § 35-11-224 requires the entry of a money judgment against the debtor. However, the court inexplicably held that the requirements of § 35-11-224 had not been met because a money judgment had not been entered against the owner of the property, even though the owner apparently had no contract, express or implied, with the materialman to pay for the materials that were sold by the materialman to a subcontractor that had participated in the owner's construction project. As we understand the facts of that case, the subcontractor was liable for the debt, and a money judgment had been entered against it in favor of the materialman in a separate suit on an account. Copeland Construction Co. appears to have been wrongly decided.
The facts in Starek are very similar to those in the present case. The Stareks had purchased a house from Blackmon Construction Realty, Inc. ("Blackmon"). Unknown to the Stareks, Blackmon had failed to pay TKW, Inc., a building supplier that had provided materials to it for the construction of the house. Blackmon went bankrupt. TKW filed suit to perfect and enforce its lien on the Stareks' property. One of the issues presented to this Court was whether Blackmon had to be joined as a party to the suit under Rule 19, A.R.Civ.P. This Court, citing Ala. Code 1975, § 35-11-223(a), held that Blackmon was not a necessary party to the suit. Section 35-11-223(a) provides:
 "In such actions [to perfect and enforce a materialman's lien], all persons interested in the matter in controversy, or in the property charged with the lien, may be made parties; but such as are not made parties shall not be bound by the judgment or proceedings therein."
Although this section does state in general terms that "all parties interested in the matter in controversy . . . may be made parties," § 35-11-224 specifically requires that a money judgment be entered against the debtor. Therefore, Starek was correct to the extent of its holding that the debtor does not always have to be joined as a party to the suit in order for a materialman to perfect and enforce his lien. A prime example of when a debtor does not have to be joined is found in the facts of Copeland Construction Co., supra. As previously noted, the materialman in Copeland Construction Co. had secured a money judgment against the debtor in a separate action prior to filing suit to perfect and enforce the lien. Logic dictates that the Legislature never contemplated that the entry of a second money judgment against the debtor under those circumstances would be necessary. However, in Starek, it does not appear that a money judgment had been entered against the debtor, Blackmon, prior to suit being filed to perfect and enforce the lien.
In McGeever, this Court reversed the money judgment that was entered in favor of the materialman against the owner of the property, on the ground that the owner had no contract, express or implied, with the materialman to pay the debt. Nevertheless, the judgment enforcing the lien was affirmed, even though it does not appear that a money judgment had been entered against the owner's husband, who had incurred the debt.
After carefully reviewing Copeland Construction Co., Starek, and McGeever, we overrule the holdings in those cases to the extent that they are inconsistent with our holding in the present case.
For the foregoing reasons, the judgment of the Court of Civil Appeals is reversed to the extent that it upheld the trial court's judgment for Jenkins and the case is remanded *Page 1122 
for the entry of a judgment consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, JONES and KENNEDY, JJ., concur.
SHORES, ADAMS and STEAGALL, JJ., concur in the result.