This appeal arises from a disputed mechanic's lien and debt owed for work and labor performed. The issues are whether the trial court improperly found 1) that a lien statement was filed within six months of the last work performed, as required by Ala. Code 1975, § 35-11-215; 2) that the lawsuit was filed within six months of the debt's maturity, as required by §35-11-221; and 3) that the amount owed was $221,537.75.[1] Because the trial court's findings are not clearly erroneous, we affirm. *Page 1233 
This is the second appeal in this case. The opinion of the first appeal, McNairy v. Sugar Creek Resort, Inc.,576 So.2d 185 (Ala. 1991), recites many of the facts relevant to this appeal and should be read with this opinion. It is unnecessary to repeat those facts.
Plaintiff Gerald R. McNairy, the contractor, began working on a land development project in November 1987. The evidence is sharply disputed regarding when he completed the work. McNairy testified that he completed the work on July 3, 1989, when he presented the final statement to the developer. Defendant C 
S Family Credit of Alabama, Inc., claims that McNairy completed the work no later than December 19, 1988, the date of the last entry in the notebooks in which McNairy recorded time spent on the project.
The developer approved McNairy's final statement in the amount of $194,014.00 at 15 percent interest. Attempting to perfect his lien pursuant to § 35-11-215, McNairy filed a verified statement of lien on July 13, 1989. Seeking to enforce his lien, McNairy filed this action on July 27, 1989. C S foreclosed its mortgage on June 24, 1990, and purchased the subject property at the foreclosure sale.
The trial court conducted a bench trial on December 11, 1991. McNairy testified that, according to the calculations of a certified public accountant, the amount owed was $264,225.03, including $161,854.75 in principal debt. The trial court entered a judgment against Sugar Creek Resort, Inc., and in favor of McNairy in the amount of $221,537.75, including $161,854.75 in principal debt and $59,683.00 in interest, calculated from July 4, 1989, until the date of trial.[2] The trial court imposed on the property a mechanic's lien that was superior to C S's interest, and it awarded costs to McNairy. C S filed a motion to alter, amend, or vacate the judgment, based in part on McNairy's alleged failure to comply with §§35-11-215 and -221. The trial court denied the motion, and C 
S appeals.
To ensure a valid lien, McNairy had to file his statement of lien within six months after "the last item of work or labor [had] been performed." § 35-11-215. Similarly, a debt ordinarily matures on the date the last work is performed,Bailey Mortgage Co. v. Gobble-Fite Lumber Co., 565 So.2d 138,143 (Ala. 1990); McNairy testified that his agreement with the developer was that the debt would begin accruing interest on July 3, 1989. Thus, the resolution of both the first issue, whether McNairy had a valid lien, and the second issue, whether McNairy sued within the statutory limitations period, depends on when McNairy completed the work he contracted to do.
When the work was completed was a question of fact.Starek v. TKW, Inc., 410 So.2d 35, 38 (Ala. 1982), overruled onother grounds, Ex parte Grubbs, 571 So.2d 1119, 1121
(Ala. 1990); Hartford Accident Indemnity Co. v. AmericanCountry Clubs, Inc., 353 So.2d 1147, 1149-50 (Ala. 1978); Howellv. Hallett Manufacturing Co., 278 Ala. 316, 318, 178 So.2d 94,96 (1965). After hearing ore tenus evidence, the trial court found that McNairy had filed both his statement of lien and this action within six months after completing the work. This Court " 'must indulge all reasonable presumptions in favor of the trial court's findings when evidence is [presented] ore tenus, and this [C]ourt will not substitute its judgment for that of the trial court on the effect of conflicting evidence dealing with a pivotal question of fact.' " Starek, 410 So.2d at 38 (quoting Howell, 278 Ala. at 318, 178 So.2d at 96). Furthermore, "[w]here evidence is presented ore tenus, the trial court's findings are presumed correct and will not be disturbed unless palpably erroneous, without supporting evidence, or manifestly unjust." Wray v. Mooneyham,589 So.2d 181, 182 (Ala. 1991).
The trial court's finding that McNairy's statement of lien and his lawsuit were filed within six months of the completion of the *Page 1234 
work is the pivotal question of fact on this appeal. Although McNairy's notebooks do not clearly indicate that any work was done after December 19, 1988, McNairy testified that he kept equipment on the property and did not complete the work until July 3, 1989. Also, McNairy testified that the developer kept some of the records, on which dates of work performed are not listed. The notebooks contained some undated entries. McNairy's testimony is sufficient evidence to support the trial court's finding.
The third issue involves the amount of the debt. Contending that the evidence does not support the trial court's finding, C S maintains that the amount of the principal debt is $136,321.25. C S bases its figure on the hourly wages McNairy paid his workers, multiplied by the number of hours recorded in the notebooks, less a $75,000 payment. C S also claims that McNairy is not entitled to interest on that debt because the figure calculated by McNairy's accountant was compounded at 18 percent interest from May 30, 1988, to November 23, 1988. After trial, however, McNairy filed a brief with the trial court in which he waived any claim except for 15 percent simple interest calculated from July 3, 1989. Thus, McNairy contends on appeal that the amount due by the date of trial was $221,538.56 ($161,854.75 principal plus $59,683.81 interest).
Some of the evidence conflicts regarding the amount of the debt and its proper calculation. McNairy supports his position primarily through his own testimony at trial, whereas C S relies on documentary exhibits. In light of all the evidence before the trial court, we cannot conclude that the trial court's findings are clearly erroneous.
The issues presented in this case are matters within the trial court's discretion. Finding no abuse of discretion, we affirm the trial court's judgment.
AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.
[1] C S argues in its reply brief, for the first time, that McNairy did not comply with the notice provision of §35-11-210. Because C S did not raise this issue in its initial brief, we will not consider it. Perkins v. Dean,570 So.2d 1217, 1220 (Ala. 1990); Kennesaw Life Accident InsuranceCo. v. Old National Insurance Co., 291 Ala. 752, 754,287 So.2d 869, 871 (1973).
[2] Defendant Sugar Creek Resort, Inc., did not appear at trial, and did not appeal from the trial court's judgment against it. Another defendant, Nan Moyers, who had conveyed the property to Sugar Creek, was dismissed at the close of the trial because she no longer had any interest in the property.